THE ARLINGTON COMPANY, Appellant, *v.* THE COLONIAL ASSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

INSURANCE (FIRE) — EFFECT OF PROVISION IN POLICY GIVING INSURED PRIVILEGE TO MAKE ADDITIONS AND ALTERATIONS.    Where a fire insurance policy insures "property known as the Arlington Manufacturing Company," as laid down upon a plan or map, to which reference is made, the property consisting of a large number of buildings which had been constructed from year to year, together with the machinery, apparatus and materials therein contained, and the policy describes the buildings by number as laid down on the plan, with certain exceptions, and then provides that the insured might have the privilege "to make addditions, alterations and repairs and this policy to cover the same," the policy has reference to additions to the plant and includes a new building constructed thereon, which, together with its contents, is insured thereby against loss or damage by fire.

*Arlington Co.* v. *Colonial Assurance Co.*, 87 App. Div. 617, reversed.

(Argued January 13, 1905; decided January 24, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint except as to an undisputed portion of the plaintiff's claim by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

22

*George Richards* for appellant. In construing the meaning and scope of an insurance policy, the rule is well established that the description must be construed to be inclusive rather than exclusive, with a view to granting the assured full indemnity. (*Thompson* v. *P. Ins. Co.*, 136 U. S. 297; *Rickerson* v. *H. F. Ins. Co.*, 149 N. Y. 307; *Michael* v. *P. Nat. Ins. Co.*, 171 N. Y. 25; *I. S. Co.* v. *Jewett*, 169 N. Y. 13; 2 May on Ins. § 420; *Hermann* v. *M. Ins. Co.*, 81 N. Y. 184; *Castellane* v. *Preston*, L. R. [11 Q. B. Div.] 380; *Nostrand* v. *Knight*, 123 N. Y. 614; *Hoffman* v. *Æ. Ins. Co.*, 32 N. Y. 415.) The new structure and its contents of machinery, stock and materials are expressly covered by the privilege to make any additions to or alterations in the subject-matter of insurance. (*Rickerson* v. *H. F. Ins. Co.*, 149 N. Y. 307; *Rickerson* v. *G. A. Ins. Co.*, 6 App. Div. 550; *Maisel* v. *F. Assn.*, 59 App. Div. 461; *Home Mut.* v. *Roe*, 71 Wis. 33; *Cargill* v. *M. M. Ins. Co.*, 33 Minn. 90; *Carpenter* v. *A. Ins. Co.*, 156 Penn. St. 37; *Marsh* v. *C. M. Fire Ins. Co.*, 31 Ins. L. J. 537; *Marsh* v. *N. H. F. Ins. Co.*, 31 Ins. L. J. 36; 2 Joyce on Ins. § 1739; *Hoffman* v. *A. Ins. Co.*, 32 N. Y. 415; 1 Biddle on Ins. § 225; *Cummings* v. *C. M. F. Ins. Co.*, 55 N. H. 457: *Whitwell* v. *P. F. Ins. Co.*, 6 Lans. 166; *Hooper* v. *H. R. F. Ins. Co.*, 15 Barb. 413; 17 N. Y. 424.)

*William B. Ellison* and *Arnold L. Davis* for respondent. The "new" building being a separate and distinct structure and about 165 feet from the boiler house between which there was a mere conduit for water and other pipes, cannot be considered an "addition" nor the machinery therein "attached" to the buildings insured within the meaning of the policy. (*A. Co.* v. *N. U. Ins. Co.*, 107 Fed. Rep. 662; *P. S. R. Co.* v. *P. Ins. Co.*, 24 Fed. Rep. 773; *Updike* v. *Skilman*, 27 N. J. L. 131; *Whitenach* v. *Noe*, 11 N. J. Eq. 321.)

HAIGHT, J. This action was brought upon a policy of insurance issued by the defendant to the plaintiff on the 5th day of October, 1897, to recover the loss sustained by the plaintiff by

reason of a fire that occurred on the 30th day of April, 1898. The plaintiff was the owner of a plant, consisting at the time of the issuing of the insurance policy of sixteen buildings filled with fixtures, machinery and materials for the manufacture of pyralin, a substitute for celluloid, situated at Arlington, Hudson county, New Jersey. The fire damaged building number eleven to the amount of $113.70. It also damaged a new building, which had been constructed upon the company's grounds after the issuance of the policy, and the machinery and fixtures therein to a much larger extent. At the conclusion of the plaintiff's testimony upon the trial, the defendant conceded its liability to the damages caused to building number eleven and consented that judgment might be directed therefor, but moved for a dismissal of the complaint as to the damages resulting to the new building and the machinery therein. The trial court granted this motion, plaintiff's counsel taking an exception thereto.

The policy issued by the defendant to the plaintiff undertook to insure the latter in the sum of seven thousand five hundred dollars against all direct losses or damage by fire except as was thereinafter provided, of the "following described property while located and contained herein and not elsewhere, to wit, * * * on property known as The Arlington Manufacturing Co., * * * plan on file with Ward Phillips, 56, 58 Pine Street, N. Y., to which all numbers of buildings refer." Then follows a description of the buildings, machinery and stock, covering all the buildings of the plant, with the exception of buildings numbers eight and ten, and all of the machinery, fixtures, apparatus and material used in the business contained in or attached to the buildings described, including that of building number ten, and then follows a provision of the policy giving the insured the privilege "to make additions, alterations and repairs, and this policy to cover the same, and therein, and to use such materials and apparatus incidental to their business."

The new building, which was damaged by fire, was constructed after the policy was issued and was a distinct build-

ing, separated from the others forming the plaintiff's plant, by a considerable distance. It was connected with the boiler house by a tunnel or conduit about five feet in diameter, through which passed electric wires, steam pipes, water pipes, etc. If the words " additions, alterations and repairs " referred solely to existing buildings forming plaintiff's plant then we think that the new building damaged by the fire would not be covered by the policy in question. (*Peoria S. R. Co.* v. *People's F. Ins. Co.*, 24 Fed. Repr. 773, 777 ; *Arlington Mfg. Co.* v. *Norwich Union F. Ins. Co.*, 107 Fed. Repr. 662.) But we entertain the view that a broader and more liberal construction of the provision was contemplated by the parties. The plaintiff's plant, as we have seen, was not limited to one factory building, to which the additions, alterations and repairs, under other circumstances, would necessarily refer, but it consisted of a large number of buildings. The plant had been one of constant growth for years. In 1888 it consisted of but six buildings. When this policy was issued it consisted, as we have seen, of sixteen buildings. This would show an increase of a building each year for ten years. Each new building constructed upon the grounds formed a new addition to the plant. By referring to the provisions of the policy we see that it insures against all direct losses or damage by fire, with certain exceptions specified which are not involved in the consideration of this case, "of the following described property." Then, we have a general description given, " On property known as The Arlington Manufacturing Co." This provision, if unqualified, covers the entire plant. Then the policy refers to a plan on file with Ward Phillips, in which all buildings are numbered, and then the buildings are described by numbers, but excepts buildings numbers eight and ten. It then gives a minute description of the personal property included in the buildings.

We think, therefore, under the circumstances disclosed in this case, that the word " additions " embraced in the policy had reference to additions to the plaintiff's plant and included new buildings constructed thereon, and when constructed

they were included in the provisions of the policy and covered
by the agreement to pay all losses or damage by fire that
resulted thereto, including the machinery, fixtures and mate-
rials therein.

It follows that the judgment should be reversed and a new
trial granted, with costs to abide the event.

CULLEN, Ch. J., BARTLETT and VANN, JJ., concur;
O'BRIEN and WERNER, JJ., dissent; GRAY, J., absent.

Judgment reversed, etc.