## ARLINGTON CO. v. EMPIRE CITY FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.   December 14, 1906.)

1. INSURANCE—PROPERTY COVERED BY POLICY.
   A fire policy providing that it shall cover certain numbered buildings on the plan of a manufacturing plant, and granting the privilege to make additions, the policy to cover the same, does not cover a building constituting part of the plant, but not shown on the plan, though constructed before the policy was issued.

2. SAME—RENEWAL.
   A fire policy in the same terms as, but making no reference to, one expiring the day before, is not a renewal of the other one, so as to cover a building put up during the term of the older policy; the policies being on certain of the buildings of a manufacturing plant and additions which may be made.

Appeal from Trial Term.

Action by the Arlington Company against the Empire City Fire Insurance Company.   From a judgment on a verdict directed for plaintiff, defendant appeals.   Affirmed, on condition.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Arnold L. Davis, for appellants.
George Richards, for respondent.

PATTERSON, J.   The action is brought upon a policy of fire insurance issued by the defendant to the Arlington Company (the plaintiff) and the Arlington Collar & Cuff Company, as interest may appear; loss, if any, to be adjusted with and payable to the Arlington

Company. That company was the owner of a large plant used in the manufacture of pyralin, a substitute for celluloid goods, at Arlington, Hudson county, N. J. The policy of the defendant related to buildings, machinery, and stock. A plan had been made by one Ward Phillips, and the policy was issued upon various buildings, as numbered on that plan, and on the machinery and stock contained therein. By specific reference the policy was made to cover brick and frame buildings, sheds, additions, and attachments, marked Nos. 1 to 7, 9, and 11 to 16, on that plan. It also contained the following provision:

"Privileged to use electric lights in the above-mentioned premises, to work nights when necessary, and to make additions, alterations, and repairs, and this policy to cover the same, and therein, and to use such materials and apparatus incidental to their business."

This policy was operative from the 6th day of April, 1898, at noon, to the 6th day of April, 1899, at noon. On the 30th of April, 1898, a fire occurred upon the premises at Arlington, N. J., and a heavy loss was sustained. Among the buildings, with merchandise therein, destroyed, was one which was not numbered on the Ward Phillips plan. It was constructed and in use before the policy sued upon was issued. It was a distinct building, separated from the others forming the plaintiff's plant by a considerable distance. Prior to the 6th of April, 1898, the plaintiff held a policy of insurance on property at Arlington, issued by the defendant, and in that policy was contained a provision relating to repairs and additions in precisely the same words as those used in the policy in suit. It also held a policy of insurance, covering the same property and with the same stipulation as to additions, issued by the Colonial Insurance Company. In an action brought upon the Colonial Insurance Company policy, the defendant insisted that the unnumbered structure on the Ward Phillips plan was not covered by its policy, and that view was sustained in the trial court and in this court; but it was held by the Court of Appeals (Arlington Company v. Colonial Ins. Co., 180 N. Y. 340, 73 N. E. 34) that the policy covered all additions to the plaintiff's plant and included the new building constructed thereon, which, together with its contents, was insured against damage or loss by fire.

On the trial of the present action no witnesses were examined, and no other evidence was adduced than that used on the trial before the jury in the case against the Colonial Insurance Company, so that this case is really presented for determination upon substantially the same record as that which was before the Court of Appeals when it decided the Colonial Insurance Company Case. It is now insisted by the plaintiff that the decision in the last-named case is controlling and disposes of this action. We do not so regard it. The decision of the Court of Appeals, referred to, is based solely upon a construction of the phraseology of the Colonial Insurance Company policy, and it was held that it was broad enough to cover additions which were made to a plant after the policy was issued. But the policy in suit here was issued upon a plant, not as an entirety, but with reference to designated numbers and nothing else—upon distinct, existing, specific, and enumerated buildings; the numbers being 1 to 7, 9, and 11 to 16. We do not see

how this can be said to be a general insurance, covering anything and everything that might have been part of the plant of the plaintiff, with the exception of Nos. 8 and 10.

The argument of the plaintiff seems to be that the policy sued on in this case is nothing but a renewal of the antecedent policy issued by the defendant, and that, inasmuch as that policy was construed by the Court of Appeals to cover the new building as an addition, therefore the policy now under consideration must be given the same effect. But this is not a renewal of the anterior insurance. It is an independent contract of insurance. If a simple renewal of older insurance had been effected, an action would necessarily have to be brought upon the former policy. It is not to be assumed that in issuing its present policy the defendant intended to cover anything further or more than those buildings numbered in the policy and attachments thereto, and, of course, under the ruling in the Colonial Insurance Company Case, such additions as might have been made during the currency of the policy in suit.

We have not failed to consider the argument that insurance was effected upon the whole property, in accordance with some general notion or understanding of increase and development or extension; an argument which might be quite effective as aiding in the construction of the clause as to future additions, but is not to be resorted to to increase the obligation which the defendant assumed, as we understand it, upon specific buildings and their contents, and nothing else, unless it be such as might in the future be added during the currency of the policy.

We are of the opinion, therefore, that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the verdict to $68.80, the amount of loss on building No. 11, for which the defendant admits liability as a coinsurer upon that building. If such stipulation is given, the judgment at the reduced amount will be affirmed, without costs in this court.

O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, and CLARKE, JJ., concur.