## OLD COLONY INS. CO. et al. v. HARDAWAY. (No. 2238.)

Court of Civil Appeals of Texas. El Paso. Feb. 14, 1929.

Rehearing Denied March 7, 1929.

Armstrong & Morrow, of El Paso, for plaintiffs in error.

Jones, Goldstein, Hardie & Grambling, of El Paso, for defendant in error.

HIGGINS, J. By deed dated October 21, 1926, the defendant in error, Hardaway, became the owner of a parcel of land 60x130 feet in the southeast corner of block 216, Campbell addition to the city of El Paso. Upon the land there was a two-story brick building and a small shingle roof frame building, originally erected as a dwelling house. It was built before the brick building. The back of the brick building extends to the sidewalk on Virginia street. The frame building is a short distance from such sidewalk. The latter building is a few feet distant from the brick building. The exact distance is not shown, but in the special issues submitted to the jury it was, without objection, assumed to be about 10 feet distant.

The brick building is numbered 717 Magoffin street. The frame building is numbered 129 Virginia street. At the time of the purchase by Hardaway, his grantor transferred to him three fire insurance policies with the consent of the insurers. The property is described in the policies as "the two story composition roof brick building and additions attached thereto, including foundations, permanent piping and fixtures for heating, lighting and water service, while occupied as apartments and not otherwise, as a dwelling, and situated as follows: No. 717 Magoffin Street, in El Paso, Texas."

Subsequent to his acquisition of the property, the Old Colony Insurance Company issued to Hardaway a fire insurance policy with like description of the property covered thereby. The policies mentioned all contained the usual clause apportioning liability in case of loss in proportion to the total amount of insurance carried. During the life of the four policies, a fire occurred in the frame building, seriously damaging same and causing slight damage to the brick building.

This suit was brought against the four insurers to recover of them severally the proportionate share due by each of them upon said loss, together with statutory penalty and attorneys' fees. No point is made with respect to the joinder in the one action of the several demands. The sum sued for against each defendant exceeds $200, and the total claimed does not exceed the jurisdiction of the county court at law. There is an alternative demand against the Old Colony Insurance Company for the entire loss, in the event it was held the other insurers were not liable for their proportionate share.

Based upon a finding that the frame building was an addition attached to the building numbered 717 Magoffin street, judgment was rendered against each insurer, severally, for its proportionate share of the total loss as fixed by other findings.

The propositions submitted by plaintiffs in error rest upon the assumption that, as a matter of law, upon the undisputed facts, the frame building was not an "addition attached" to the brick building, and therefore not covered by the policies.

The record shows that the property owned by defendant in error was known as the Barron apartments. The brick building contained 20 apartments, numbered 1 to 20. The frame building was used as one apartment, and numbered 21. It was upon the rear of the parcel of land, and about ten feet from the brick building. It was occupied as an apartment at the time of the fire. All of the apartments were heated by a central heating plant in the brick building, the steam pipes extending into and heating apartment 21. It was supplied with hot and cold water in the same way by pipes leading from the brick building.

It is a familiar rule that policies of insurance are liberally construed in favor of the assured. Where the language of the policy is ambiguous, as applied to the facts shown, and is capable of two constructions, that interpretation will be adopted which will uphold the claim of the assured and cover the loss sustained. May on Insurance, § 175; 26 C. J. 72.

The question of whether an addition to a main building will be covered by a policy is dependent upon the language of the policy as applied to the actual situation and use of the property. In the case of mills and manufactories, the use to which the addition or annex is put is considered of special importance in determining whether it is covered by the policy. 1 Cooley Insurance Briefs, 744. Again, in some of the cases cited hereafter, much importance is attached to the fact that the outlying structure is the only one to which the word "addition" could refer.

In the present case, it seems, although the evidence upon the issue was not fully developed, that apartment 21 is the only thing to which the term "addition" could have referred.

As we view the authorities, each case, in large measure, is controlled by its own facts in determining whether the word "additions" covers a building structurally detached from the main building.

The position of the plaintiffs in error is well stated in their brief, as follows:

"If the word 'attached' is to be given force or meaning, it can only mean that an addition structurally detached is to be excluded from the policy and that only when the structure of one house contributes to the completion of the other house, or some part of the material of which the houses are constructed enters into and forms a part of both houses—can it be said to be 'attached.'"

We do not agree with this strict interpretation of the meaning of the words "additions attached" as applied to the present state of facts. In a sense, apartment 21 is structurally attached to the main building by the heat and water connections, as above shown.

■ Without reviewing same, we are of the opinion the authorities abundantly support the view that the frame building was an addition attached within the meaning of the policies and the loss in question protected by such policies. Alterman v. Home Ins. Co., 112 Misc. Rep. 445, 183 N. Y. S. 62; Hanover Fire Ins. Co. v Mayfield Planing Mills (Ky.) 119 S. W. 1190; Arlington Co. v. Colonial, etc., 180 N. Y. 337, 73 N. E. 34; Still v. Connecticut Fire Ins. Co., 185 Mo. App. 550, 172 S. W. 625; Ideal Pump & Mfg. Co. v. American Cent. Ins. Co., 167 Mo. App. 566, 152 S. W 408; Phenix Ins. Co. v. Martin (Miss.) 16 So. 417; Montana Stables v. Union Assurance Society, 53 Wash. 274, 101 P. 883; 3 Joyce on Ins. (2d Ed.) § 1739; 26 C. J. 89, § 86.

For this reason, the judgment will be affirmed as against all defendants.

If this is not the correct disposition of the appeal, then judgment should be rendered against the Old Colony Insurance Company for the entire damage to the frame building.

■ This is true because in applying to the agent of that company for insurance the wife of defendant in error, acting for him, instructed such agent to write the policy so as to cover the frame building, and the jury found that such agent stated to her or Hardaway that the policy issued covered the same. This finding is not questioned. The policy is susceptible of that construction, and such company will not be heard to now question that such is the proper interpretation of the same.

Affirmed.