HALL et al. v. GULF INS. CO. OF DALLAS et al.

No. 9616.

Court of Civil Appeals of Texas. Austin.

March 5, 1947.

Rehearing Denied March 26, 1947.

Wm. Yelderman and Polk Shelton, both of Austin, for appellants.

Hart & Brown, by J. H. Hart, all of of Austin, for appellees Gulf Ins. Co., Trinity Universal Ins. Co., Firemen's Ins. Co. of Newark, N. J., and J. O. Garrett.

David L. Tisinger, of Austin, for appellee Pearl Assur. Co., Ltd.

BAUGH, Justice.

Suit was by V. Melvin and J. Wyatt Hall as plaintiffs against four named insurance companies, and J. O. Garrett, agent for each, on four fire insurance policies issued by said companies respectively on the same property belonging to plaintiffs and located just outside of the city limits of Austin. The defendants filed numerous special exceptions to plaintiffs' petition, which were sustained by the trial court, and upon plaintiffs' failure to amend, the suit was dismissed; hence this appeal.

The exceptions urged and sustained were to the effect that the pleadings affirmatively show that the property destroyed was not covered by said policies, each of which provided:

"$1250.00 On the one-story, composition roof, frame building, including additions thereto, foundations, awnings (except cloth awnings), permanent piping and fixtures for heating, lighting and water service, while occupied as a cafe and dwelling, and situated on the Georgetown Road about 200 yards north of the City Limits of Austin, Texas."

$1570.00 On furniture and fixtures, machinery and equipment, stock and supplies usual to a cafe with dancing; all

while contained in the above described building."

"Contents of Building—Extension of Coverage—Contents of the above described building, which are insured under this policy, are also covered while contained in additions and/or extensions adjoining and communicating with the said building, and while on platforms, sidewalks, alleys and yards immediately adjacent, including while on or in railroad cars, trucks or other vehicles within one hundred feet (100') of the above described building."

The losses by fire alleged to have been sustained were described in plaintiffs'·petition as follows:

"To an addition to the building described as one-story, composition roof, frame building, totally destroyed by fire, which addition at the time of the fire was reasonable worth in Travis County, Texas, and at the location where located the sum of Seven Hundred Fifty ($750.00) Dollars, and which addition was used in connection with the described building as an adjunct thereto and as a part of a cafe and dwelling unit, and communicated with the described building by walks, water, light power connections and being frame construction, about 18' x 40' in dimension, located approximately 20 feet west of the described building.

"That located. and situated in said addition and extension, so adjoining and communicating as above alleged and which addition was situated on the same premises as the main building were items of machinery, equipment, stock, goods and ᐧmerchandise used in connection with the said cafe and dwelling."

The contents lost were itemized and valued in the aggregate at $3,238.50.

In the alternative it was alleged that if the policies in express terms did not specifically cover the property destroyed, they should be construed to cover same for the reason that such was the intention of the parties, their pleadings in this regard alleging, among other things, the following: "* * * that on or prior to January 16, 1944 they applied to defendant J. O. Garrett for insurance upon the particular property addition and contents thereof as is hereinabove set out as being totally destroyed by fire and had the defendant J. O. Garrett examine and inspect said premises for the purpose of having issued thereon policies of fire insurance insuring said property against loss by fire. That after the inspection of said premises the said J. O. Garrett informed these plaintiffs that policies of insurance would be issued insuring the main building, the addition, as well as all contents thereof against loss by fire; and, thereafter, he did deliver to these plaintiffs the respective policies hereinabove described and mentioned, and stated to plaintiffs that said policies of insurance covered the entirety of the premises and properties owned by these plaintiffs at the location specified in said policies; and it was so intended by the said J. O. Garrett that said policies should insure the entirety of said premises, and that thereby the said Garrett as agent, for the respective defendant corporations insured the identical property which was destroyed by fire against such loss by fire, and each of the defendant corporations became liable for the loss hereinabove pleaded."

It is further alleged that J. O. Garrett was an underwriting agent of each of said corporations with authority to write into such policies the description of the property insured, and the risks assumed; and that he did so in the policies in suit. Further, that: "The said Garrett had been directed and instructed by these plaintiffs to insure all of the property including all buildings, and all goods, wares and merchandise owned by these plaintiffs on the premises described in, said policies and the said J. O. Garrett in writing the typewritten portion in said policies actually intended said language to cover all of the property owned by these plaintiffs at the location mentioned in said policies and informed these plaintiffs that said language did insure all property owned by them at said location; * *."

We have set out at this length extracts from the pleadings for the reasons that the trial court's judgment is based upon their insufficiency to state a cause of action. That is, that admitting all such allegations to be true, defendants are, as a matter of law, not liable upon said policies for the losses alleged. In this, we think the trial court was clearly in error.

The crux of appellees' contention that the property destroyed was not covered by said policies is that a building located 20 feet from that specifically described "communicating with the described building by walks, water, light and power connections," and whose contents were used in connection with the described building and the business conducted therein, cannot as a matter of law be construed to come within the language of said policies "contained in additions and/or extensions adjoining and communicating with said building." In brief, that the language "adjoining and communicating with" as used in the clause insuring the contents; and the language "including additions thereto" used in that describing the building insured, mean as a matter of law that such addition must be physically joined to and a part of the building described, with entrances or passageways between same by doors or openings through the walls between them.

Under the pleadings such a limited or strict construction cannot be sustained. Insurance contracts, if ambiguous, uncertain, or capable of more than one construction, are uniformly construed against the insurer and in favor of the insured. And, as in the case of other contracts, the intention of the parties, where that can be ascertained, should be effectuated, unless prohibited by law or the contract clearly and expressly provides otherwise. These canons of construction are so well settled that citation of authorities would appear superfluous. In the case principally relied upon by appellees to sustain the trial court's action (Pilgrim Laundry & Dry Cleaning Co. v. Federal Ins. Co., 4 Cir., 140 F.2d 191, 193) the U. S. Circuit Court of Appeals states: "Irrespective of any other rules of construction the real intent and agreement of the parties and what they intended and meant when they entered into the contract of insurance is what must govern the court in determining the respective liabilities." The intentions of the parties in the instant case were clearly and specifically alleged in plaintiffs' pleadings, which allegations for the purposes of this appeal must be taken as true.

In the Pilgrim Laundry case, supra, the policy involved did insure a described building "and * * * additions adjoining and communicating," as in the instant case. In that case the building and contents which burned were situated to the rear of the building specifically described, across a 10-foot alley, on which each building had openings facing the alley, and both buildings were connected by water and steam pipes, electric and gas lines running from one to the other across said alley. That case, however, was tried on its merits, and the court held that the policy there involved did not cover both buildings, not primarily because of the language of the covering clause, but because the proof showed conclusively that the parties to the contract did not intend that the policy in suit should cover both buildings. Such intent being made clear by the fact that the owner had taken out one policy on the front and larger building, carrying a specific rate of premium; another policy specifically on the rear or smaller building, carrying a higher rate, and which was destroyed; and still a third policy covering the personal property in both buildings; obviously an entirely different situation from that here presented.

Nor can the language used in the policies in question be considered separate, apart from and independent of the facts and circumstances under which they were employed. They cannot be said to have any such well-defined meaning as appellees seek to attribute to them and as the trial court apparently placed upon them here. The terms "addition," "adjoining" and "adjacent," are often employed in common use as meaning the same. Webster's New International Dictionary shows that these same words are referred to as synonymous. And the word "attach" is defined as connect, unite, join, add. In Old Colony Ins. Co. v. Hardaway, Tex.Civ.App., 14 S.W.2d 372, 373, relied on primarily by appellants, the court held that the terms "brick building and additions attached thereto" covered a small shingle roof frame building, some 10 feet apart from the brick building, but serviced with heat and water from a central plant in the brick building through pipes running into it from that building and used for the same purposes as was the brick building.

Numerous cases could be cited giving various shades of meaning to the terms employed in said policies; but in the last analysis such definitions are in large measure predicated either upon the intention of the parties to the contract, the facts and circumstances to which the terms were made applicable, or their relation to the clear purposes of the contract as a whole. In the instant case, under appellants' pleadings, and the settled rules of construction of insurance policies, the controlling issue is, What did the parties to said contracts intend such terms to mean? If, as pleaded, the appellants applied for insurance to cover all of the properties on said premises; and the agent after inspecting such premises and knowing what properties were thereon situated, undertook to cover same in the policies issued, and collected premiums from appellants sufficient to cover the entire risk; then the language used and the policies issued should be so construed. Those questions are all fact issues to be determined upon a trial on the merits.

For the reasons stated the judgment is reversed and the cause remanded for trial upon the merits.

Reversed and remanded.