COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,

v.

QUALITY MEAT AND PROVISION COMPANY, Appellee.

No. 17888.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 29, 1977.

Brown, Crowley, Simon & Peebles and M. Hendricks Brown, Fort Worth, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Mark S. Stewart, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Plaintiff, Quality Meat and Provision Company, brought suit against defendant Commercial Standard Insurance Company, on a policy of fire insurance.

Plaintiff had sustained a loss it contended was covered by Commercial Standard; the latter contended the loss to have been without the coverage of the policy. With a jury waived, all issues were presented upon a trial of the merits. The court rendered judgment for the plaintiff. Commercial Standard perfected its appeal.

We affirm.

Plaintiff's premises, enclosed by fence, had located thereon the main building where its business was conducted, plus the building structure where there was the fire. There was damage to the building and contents. The question in the case was application of insurance to the contents. This second structure was separated from the main building by a space of 10 to 15 feet, with active electrical wiring from the one to the other and with access from the one building to the other by means of a sidewalk. There was no other connection or communication.

Had the fire occurred in the main building it is conceded that coverage would have been afforded by the policy; however, because of the provisions of the contract, Commercial Standard denied that there was coverage of plaintiff's loss due to fire at the other building. The material which constituted the contents were necessary to the prosecution of business of plaintiff as conducted at and from the premises on which both buildings were located.

Undisputed is that a Mr. Rodney D. Johnson was the "recording agent" for Commercial Standard in the execution of the policy. Furthermore it is without dispute that in writing the policy of insurance he "used an amount that would cover his (plaintiff's) stock, furniture, fixtures, contents—anything that would be used in connection with the Quality Meat and Provision business." Johnson was familiar with the premises, including the structure in which the fire loss occurred and he wrote the policy for an amount equal to the replacement cost of the building and its contents in addition to the amount necessary to cover main building and its contents.

Johnson was an agent who possessed the authority to provide a policy, either separately or by endorsement to that which was written, which would have provided the coverage on the building and contents where the fire occurred. In other words: if by the law there was necessity to so prepare the insurance contract so as to specifically provide the coverage which is the subject of the parties' dispute, Mr. Johnson could have accomplished such.

Basis of the dispute concerns the true provision of the Commercial Standard policy. The insured main building and contents was described on page 1. On page 2 there was provision as follows: "PLATFORM CLAUSE—Insurance on stock, furniture, fixtures, or machinery shall cover while such property is contained in additions and extensions *adjoining and communicating* with the building and while on platforms, sidewalks, alleys and yards immediately adjacent, including while in railroad cars or other vehicles within 100 feet of the described building." (Emphasis supplied.) As further refined, the dispute concerns meaning and applicability of the term "adjoining and communicating," and whether in this case—by reason of the term and its provision as part of the contract—plaintiff's loss by fire was covered by the contract.

So long as provisions of the nature hereinabove quoted remain in fire insurance policies many instances of loss will present occasion for finding ambiguity therein in circumstances where there is need to test application. It would seem an easy matter to accomplish change by policy wording so as to eliminate any possibility of misunderstanding. Until such time the courts must view the insurance contract as prepared, applying the rule of liberal construction in favor of the insured and strict construction against the insurance company, and, additionally, frequently to consider evidence which would disclose the intent of the parties.

■ By the circumstances of the instant loss an ambiguity is presented which justified the reception of evidence of intent. There was not error in admitting the testimony of the witness Johnson. Neither was there error in testimony to like effect by the representative for plaintiff. Therefrom was afforded proper evidence of the intention of the parties at time the policy was written.

■ On the foregoing we have reviewed many cases, in Texas and elsewhere. The

law in Texas as applied to circumstances such as those presented in the instant case is perhaps best stated in the case of *Hall v. Gulf Ins. Co. of Dallas*, 200 S.W.2d 450 (Tex.Civ.App.—Austin 1947, no writ history). Indeed, we do not believe that we could improve upon the statement of the law therein to be found. The most essential holding is that as applied to provision of application of coverage to additions and extensions "adjoining and communicating" with the main building insured, as used in fire policies, there is no such well-defined meaning of the terms "adjoining and communicating" as would justify their construction apart from and independent of facts under which they are employed; that the intention of the parties to the insurance contract, where it can be ascertained, should be effectuated; and that in the last analysis such terms, as definitions, are in large measure predicated upon the intention of the parties as to what they should mean at the time they made their contract.

In accord, and we likewise consider the opinion most excellent as applied to the circumstances, is the case of *Marsh v. Concord Mut. Fire Ins. Co.*, 71 N.H. 253, 51 A. 898 (Supreme Court 1902). In some other states the holding upon the same or like phrase as here involved has been to the contrary. However, the majority of the states are in accord with the two holdings we have chosen to cite.

See also *Words and Phrases*, cases annotated under the headings "Adjacent," especially its sub-head "Adjoining and Contiguous Distinguished"; "Adjoining"; "Adjoining and Communicating"; and "Communicate."

There was not error in the judgment or proceedings preliminary to its rendition.

The points of error of Commercial Standard Insurance Company have been severally considered; all are overruled.

Judgment is affirmed.