### CITY OF PORT ARTHUR et al. v. GASKIN et al.

#### No. 3135.

Court of Civil Appeals of Texas. Beaumont.

June 11, 1937.

Rehearing Denied June 23, 1937.

A. W. Dycus, Jr., and V. J. Wistner, both of Port Arthur, for appellants.

Renfro & Keen and Morris & Bennett, all of Beaumont, for appellees.

WALKER, Chief Justice.

The City of Port Arthur was incorporated by special act of the Legislature, chapter 52 of the Loc. & Sp. Acts of the Thirty-second Legislature (1911); section 1, art. 1, c. 2, of this act provided as follows: "Territory adjoining the corporate limits of the city of Port Arthur, regardless of shape or configuration, may be annexed to said city as follows."

Acting under its charter and other laws, on the 7th day of November, 1929, the City of Port Arthur "passed an ordinance" calling "a special annexation election" for the purpose of adding the following described territory to its corporate limits:

"Beginning at a point which is the S. E. corner of the city limits of the City of Port Arthur, Texas, same being the intersection of the boundary line between the state of Texas and Louisiana and the W. boundary line of the Beaumont-Port Arthur Highway or Ninth avenue, extended; Thence first course, N. 48 Degrees 47′ W. along the W. boundary line of the Beaumont-Port Arthur Highway (or Ninth avenue) to the North corner of Block 5, Range 1 of the Port Arthur Land Company survey; Thence, second course, N. 41 degrees 13′ E. 5310 feet; Thence, third course, S. 48 degrees 47′ E. 5280 feet; Thence, fourth course, S. 41 degrees 13′ W. 2630 feet; Thence fifth course, S. 48 degrees 47′ E. to the boundary line between the state of Louisiana and Texas; Thence, sixth course, in a southwesterly direction along said boundary line to the point of beginning."

The election was duly held, the result declared in favor of the election, and an ordinance was duly passed by the City of Port Arthur annexing the said territory to its corporate limits. Acting under these ordinances, the City of Port Arthur undertook to exercise jurisdiction over all of the annexed territory.

The annexed territory included the "town of Griffing Park," and this town contested the power and right of the City of Port Arthur to annex it by virtue of the annexation election; that contest was sustained by the courts, and by judgment of the district court of Jefferson county, affirmed by this court, Town of Griffing Park et al., v. City of Port Arthur et al., 36 S.W.(2d) 593, the acts of the City of Port Arthur in attempt to annex the town of Griffing Park were declared wholly and absolutely void ab initio.

In 1932, the City of Port Arthur amended its charter and left out of its corporate limits all of the property which it attempted to annex by the election held in 1929. After amending its charter in the respects stated, the City of Port Arthur undertook by suit to collect taxes levied and assessed by it, for the years 1930 and 1931, against all the property annexed in 1929, except the property within the corporate limits of the town of Griffing Park. G. W. Gaskins et al., appellees herein, instituted this suit in the Fifty-eighth district court of Jefferson county against appellant City of Port Arthur et al., to enjoin the collection of this tax. Among other grounds for relief, appellees pleaded that their property was "not adjacent to the City of Port Arthur," but was "adjacent to the town of Griffing Residential Park, an incorporated city"; on the grounds stated in their petition appellees alleged that the attempted annexation of their property to the City of Port Arthur was absolutely void. Appellants answered by general demurrer, general denial, etc. On trial to the court without a jury, judgment was entered in favor of appellees against appellants granting them the relief prayed for, in effect declaring void the attempted annexation of appellees' property to the City of Port Arthur and perpetually enjoining appellees from attempting to collect any taxes assessed by the City of Port Arthur against appellees' property for the years 1930 and 1931. From that judgment, appellants have duly prosecuted their appeal to this court on the two following propositions:

"Proposition No. 1

"The court erred in failing and refusing to sustain defendants' general demurrer for the reason that it appears on the face of plaintiffs' petition that the cause of action asserted by plaintiffs was an attempt on the part of a private citizen to attack the validity of a municipal corporation and the extent of its territorial limits; to which action defendants then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont, Texas. (Tr. p. 49 to 53)

"Proposition No. 2

"There is a fundamental error appearing in the records of this cause by the Court neglecting, failing and refusing to sustain defendants' demurrer to plaintiffs' petition and dissolving the writ of injunction be-

cause it was an attempt on the part of a private citizen to attack the validity of a municipal corporation or the extent of its boundaries, when as a matter of law same could only be attacked by a direct suit in the nature of a quo warranto by the State, or in a proceedings in which the State is a party."

The case was tried below on an agreed statement of facts, in part as follows: The annexation ordinances are designated in the record as Ordinance No. 980, and Ordinance No. 982. We quote as follows from the agreed statement.

"That Ordinance No. 980, as set out, did include the territory in which the plaintiffs. live, to-wit, Rays' Addition, Myers Acres, Gertner Acres, Rose Farm Addition, Wagner Addition, Wignall Addition, Bluebird Addition, Fairview Addition, and Bruno and Snider addition; and that Ordinance No. 982, as hereinbefore set out, which was the annexation ordinance, did include the territory and the lands and homes of plaintiffs herein, and that the said plaintiffs are residents of what is known as Ray's Addition, Myers Acres, Gertner Acres, Rose Farm Addition, Wagner Addition, Wignall Addition, Bluebird Addition, Fairview Addition, and Bruno and Snider Addition, located several miles from the City of Port Arthur, and near the Port Arthur-Orange Highway; and by reason of such annexation proceedings, the City of Port Arthur levied and attempted to collect taxes on such property for the years 1930 and 1931. That the City of Port Arthur, through its duly authorized representative, has filed the following suits for the collection of delinquent taxes alleged to be due and owing the City of Port Arthur, Texas; to-wit: (Here follows a list of the tax suits filed by the City of Port Arthur against appellees)

"That the taxes undertaken to be collected and the liens that are being asserted by the defendant are for the years 1930 and 1931, and that the total amount of said tax is in excess of $2500.00 and the value of the property involved herein is in excess of $25,000.00.

"That after the passage of Ordinance No. 982, it was duly published in accordance with the provisions of the Charter of the City of Port Arthur, and the City of Port Arthur, Texas, attempted to assume jurisdiction and control of the property included therein, and some of the

inhabitants residing in said territory participated in the affairs of the City of Port Arthur as a part of such a City, by voting for the election of its officers, subsequent to the adoption of Ordinance No. 982, and the City attempted to assume jurisdiction and control over such property situated therein until the adoption of its present Charter which fixed the boundaries of the City of Port Arthur, and excluded the territory, or a part thereof, as fully described in said Ordinance annexing such territory to the City of Port Arthur.

"That these plaintiffs procured a temporary writ of injunction restraining the City of Port Arthur from collecting the taxes for the years 1930 and 1931, and this suit is an effort to make this injunction permanent.

"The City of Port Arthur, is an incorporated City.

"It is agreed that election notice and ordinance 980 included the incorporated town of Griffing Park, and that annexation Ordinance No. 982 included the incorporated town of Griffing Park and that the City of Port Arthur has never at any time taken to levy, assess, or collect any taxes from the residents of the town of Griffing Park, nor assume any jurisdiction over it;

"That none of the hereinbefore named parties that have been sued by the City of Port Arthur Live within the limits of the town of Griffing Park;

"That the City of Port Arthur about 1932 amended its charter and left out all the property owned and claimed by all the parties thereinbefore named as having been sued by the City of Port Arthur.

"It is further agreed that the City of Port Arthur at the time it undertook to annex the town of Griffing Park had no authority or power to annex another incorporated town or City.

"It is further agreed that the City of Port Arthur is undertaking to assess, levy, and collect taxes from that part of the territory included in its election notice and annexation ordinance not included in the town of Griffing Park, and not trying to levy, assess, or collect, any tax on the residents of Griffing Park.

"It is further agreed that there has never been any ordinance passed, since the annexation ordinance, purporting to annex any territory save and except all the territory as set out in Ordinance No. 982,

which included Griffing Park; and that no subsequent election or preceedings of any kind have been had by the City of Port Arthur to annex the territory set out in Ordinance No. 982 excluding the town of Griffing Park.

"We also agree to submit this cause as an agreed case under the provisions of the Statute, and that it may be determined accordingly."

### Opinion.

The lower court correctly overruled appellants' general demurrer. On the agreed statement appellees' property was not "territory adjoining the corporation limits of the City of Port Arthur," but was on the other side of the town of Griffing Park from the City of Port Arthur; therefore, the act of annexation was not authorized by law and was absolutely void. The state is a necessary party to a suit involving annexation of territory by a municipality only where the annexation is merely voidable. Where the act of annexation is wholly beyond the power and jurisdiction of the municipality, it is void and subject to collateral attack; in such a case the state is not a necessary party. Griffing Park v. City of Port Arthur, supra. In this case the act of annexation attacked by appellees, being wholly void ab initio, falls within the rule of the case cited; the petition was not subject to the general demurrer on the ground assigned by appellants.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

### On Rehearing.

The statement in the first part of the quotation from the agreed statement of facts, brought forward in the original opinion, that appellees' property—the property in controversy—was "located several miles from the City of Port Arthur, and near the Port Arthur-Orange Highway," supports our fact conclusion that appellees' property did not adjoin the corporate limits of the City of Port Arthur. Appellants' assignment against this fact conclusion is overruled.

The map attached by appellants to their motion for rehearing has no place in the record and, for that reason, is ordered stricken from the motion for rehearing.

Motion for rehearing is in all things overruled.