CITY OF PELLY et al. v. HARRIS COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. 7 et al.

CITY OF GOOSE CREEK et al. v. SAME.

Nos. 11776, 11777.

Court of Civil Appeals of Texas. Galveston.

May 23, 1946.

Rehearing Denied June 13, 1946.

Tom Sanders, of Houston, J. E. Flowers, City Atty., of Goose Creek, and Shannon Morris, City Atty., of Pelly, for appellants.

A. T. Carleton, Vinson, Elkins, Weems & Francis, and Victor W. Bouldin, all of Houston, for appellees.

GRAVES, Justice.

This general statement—conceded by the appellees to be correct as such—is substantially quoted from the appellants' brief, to-wit:

"These were suits for injunction by named individuals as taxpayers, and a named individual as a bondholder, and Harris County Water Control and Improvement District No. 7 and two named Fresh Water Supply Districts against the City of Pelly, a Home Rule City, and the Mayor and the commissioners thereof, and the City of Goose Creek, a Home Rule City, and the mayor and the commissioners thereof, to enjoin and restrain such cities from extending their boundaries by ordinance so as to include in whole or in part the territory embraced in the aforesaid districts, which territory was adjacent to each of such cities. The suits were filed as separate suits, but were jointly tried in a trial to the Court, and judgment was rendered in favor of plaintiffs, and a permanent injunction granted restraining and enjoining the appellant, City of Goose Creek, and the Mayor and Commissioners thereof, and the City of Pelly, and the Mayor and Commissioners thereof, from so extending the respective boundaries of said cities. From the judgment these appeals have been regularly perfected,

and are now properly before this Court for review.

"By joint motion the suits have been consolidated on the docket of this Court."

All three appellee districts were public bodies corporate—organized under Title 128, Chapters 3A and 4, Vernon's Ann.Civ. St. arts. 7880—1 et seq., 7881 et seq., of the "Water Control and Improvement Districts" statutes of the State of Texas, No. 7, otherwise being known as the "Baytown District," No. 2 as the "Leger District," and No. 10 as the "Busch Terrace District."

The trial court first overruled the pleas-in-abatement, described in appellants' points of error, hereinafter quoted, then heard the suits on their merits, and based the injunctions granted on a holding—upon the law and the facts—that neither appellant-city had authority of law for undertaking to so annex any part of the territory embraced in the appellee-districts, and that the efforts of each to do so by a proposed ordinance like that already passed by the City of Pelly were and would be void.

So that, stripped of unnecessary recitations, two cities challenge on appeal such determination of the court below against them, urging that it legally aggrieved them: (1) Because appellees' suit for injunction could only have properly been prosecuted through a proceeding in quo warranto, with the State of Texas a party thereto; (2) that the annexation-ordinance passed on first reading by appellant-City of Pelly (in defense of which the City of Goose Creek made common cause) was in all respects a legal and binding one and entitled that city, in pursuance thereof, to annex the territory it sought; and finally (3) that, as concerns appellant-City of Goose Creek alone, appellees' injunction suit against it had been prematurely brought, in that its pleadings and the evidence both showed that it had not threatened, nor did it then intend, "to annex to the City of Goose Creek any of the lands or property described in plaintiffs' petition for any purpose whatsoever."

The trial court filed no findings of fact or law, other than those recited in its judgments, the controlling substance of which —as already given in the general statement —is thus more fully quoted from its judgment in the City of Pelly case:

" * * * the annexation ordinance, which the City Commission of the City of Pelly, Texas, has passed on first reading, insofar as it attempts and purports to extend the boundaries of the City of Pelly to include all or any part of the territory within Harris County Water Control and Improvement District No. 7, Tri-City Fresh Water Supply District No. 2 of Harris County, Texas, and Harris County Fresh Water Supply District No. 10, is without authority of law, and a permanent injunction should be granted."

A like judgment, upon the same conclusion as to the law, was entered in the City of Goose Creek case, although it had not then passed on first reading such an annexation-ordinance as the City of Pelly had so done, the court's judgment against the City of Goose Creek having been rested upon its presumed and implied finding, on both the facts and the law, that it was in essentially the same position with reference to annexing the appellee-Districts, and that it was at least threatening to make the same effort by ordinance to accomplish that purpose the City of Pelly had so done.

■ Appellants' first point of error, contending that these challenged suits against them could only be prosecuted through a proceeding in the nature of a quo warranto, with the State of Texas a party thereto, which they raised below by their pleas in abatement setting up the fact that the State had not been a party, are overruled upon the conclusion—which may as well be stated in limine—that the inchoate annexation ordinance passed by the City of Pelly (as would have been any such like action upon the part of the City of Goose Creek) was wholly void, being clearly without authority of law, as the trial court properly held; wherefore, in such circumstances, by well settled authority, both suits were maintainable by the appellees, without the presence of the State of Texas, or its representatives. R.S. Article 1265, Vernon's Ann.Civ.St. art. 1265; Charter of City of Pelly, Art. II, Sec. 2; Town of Griffing Park v. City of Port Arthur, Tex.Civ.App., 36 S.W.2d 593;

Grisham v. Tate, Tex.Civ.App., 35 S.W.2d 264; City of Houston v. City of Magnolia Park, Tex.Com.App., 276 S.W. 685; Hunt v. Atkinson, Tex.Com.App., 12 S.W.2d 142; City of Port Arthur v. Gaskin, Tex.Civ. App., 107 S.W.2d 610.

The gist of the whole law on that subject is thus quoted from the cited Grisham case [35 S.W.2d 265], to-wit:

"Where there is no law authorizing the creation of such a corporation, or where the law under which it purports to exist is unconstitutional, or where the attempt to comply with the provisions of the law authorizing such creation is so utterly lacking or defective as to render the attempt to create such a corporation void, the right of such corporation to exist may be challenged by any party whose interest is directly affected thereby. * * *"

■ The conclusion stated obviates any consideration of whether or not the attack these suits constituted against the efforts of the appellant-Cities to so annex the territory were collateral attacks upon the boundaries of those Cities as existent and going concerns—this for the reason that, if the efforts by such an ordinance were void to the extent of being "without any authority of law" to support them, by all the authorities, they were subject to collateral attack. Hunt v. Atkinson, supra.

■ The controlling question of law the consolidated cause here presents on appeal, as presaged in appellants' general statement of the nature and result of the suits quoted supra, is whether a Home Rule City, as each of these was, acting solely under charter powers, can extend its boundaries to take in new territory, if the effect of such extension is to deprive another public corporation, theretofore created by the Legislature under constitutional sanctions, as all three of these appellee-Districts were, of powers granted to such public corporations by the general laws, or the constitution of the State.

Stripped of all surplusage, that is the pertinent inquiry in its essence, and, in this court's opinion, the law in Texas has become settled in the negative—that is, that no such extension can be legally made.

Under the facts in this instance, established either by the stipulations of the parties in the record or the conclusive evidence otherwise, were these extensions upheld, it is certain that appellee-Districts would thereby be deprived of their power and obligation to furnish the services within their respective boundaries that they were specifically created for the purpose of rendering; that is, that those functions which constituted the purposes for which those districts were organized and incorporated as public bodies would be usurped and taken over by the appellant-cities instead.

Those powers of the appellee-Districts were granted by the general law and the constitution (see Water Controls and Independent Districts, Vernon's Texas Civil Statutes, Title 128, Chapters 3A and 4, Article 7880—11 to 7880—147z, 7881 et seq., and Article XVI, Sec. 59, of the Conservation Amendment to the Constitution of Texas, Vernon's Ann.St.), and the evident effect of the city ordinance under review would be to take from those Districts and their governing-boards the privileges and duties so granted to and imposed upon them by the law of their creation. That precise condition was held by the Supreme Court in Hunt v. Atkinson, supra, 12 S.W.2d at page 145, to have rendered a charter provision having that effect utterly void as having "no authority or 'color of authority' for the attempted annexation of the territory in question."

Indeed, such conflicts between this uncompleted ordinance and such general laws and the Constitution rendered it plainly void, because of this express limitation upon the powers of these small cities by the express terms of the Home Rule Amendment authorizing their creation:

"Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this state

\* \* \*." Constitution of Texas, Article XI, Sec. 5.

This brief discussion of such resulting condition is quoted with approval from the brief of the appellees:

"At this time, no one can question that Appellee-Districts have: (1) the power to own waterworks, sewers-systems, and other public utilities; (2) that they have not only the right but the duty to provide those services to the inhabitants within their respective boundaries; (3) that their respective governing bodies are authorized to manage and control such properties, and to adopt and enforce reasonable rules and regulations in regard to sanitary conditions (Texas Vernon's Ann.Civ.St. Article 7880—3a (2); Article 7930—4, Section 5); or (4) that such powers are granted to them by the Constitution and general laws of the State. If the proposed annexation ordinance of the City of Pelly becomes effective in the only manner that the city charter provides that it may become effective, these powers will be taken from the Districts, and will be vested in the city and its governing body. In other words, the ordinance and city charter would grant to the city the power and duty to supply water, for example, within each of the Appellee-Districts. The Constitution and the general laws relating to the Districts grant such power to the Districts. As shown above, both cannot be vested with such powers. City of Galena Park v. City of Houston, Tex.Civ.App., 133 S.W.2d 162; 1 McQuillin on Municipal Corporations, 775 (Rev.2d Ed.); 43 C.J. 33. A clearer case of inconsistency between an ordinance and charter provision, on the one hand, and the Constitution and general laws of the state on the other hand, cannot be imagined.

"The provisions of Article III, Sections 1 and 2, of the Pelly City Charter, grants to the city full power 'to enact and enforce all ordinances necessary to protect health, life, and property, and to prevent and summarily abate and remove all nuisances and preserve and enforce good government and order and security of the city and its inhabitants; and to enact and enforce ordinances on any and all subjects \* \* \*.' If the annexation of Appellee-Districts becomes effective, these mandatory provisions of the charter would give the city substantially unlimited power over all municipal affairs, including the powers and functions now enjoyed and exercised by Appellee-Districts."

■ The City of Goose Creek's final contention that the judgment against it was unauthorized, for the reason that it had neither passed nor threatened to pass any such ordinance as that of the City of Pelly, nor otherwise moved toward or threatened the annexation of the Appellees' territory, is overruled, as not being sustained by the record. It merely filed a plea-in-abatement, setting up that ground, but in the final trial on the facts before the court—sitting without a jury—it did not offer any testimony whatever in support thereof. On the other hand, the statement-of-facts shows that there was sufficient evidence to have supported a finding-of-fact by the court to the effect that Goose Creek's situation and attitude in that respect was not materially different from the City of Pelly's.

Wherefore, if necessary, it will be deemed on appeal that the court below made such a finding in support of its judgment.

It is well settled that such a threatened injury, though not yet accomplished, may be so enjoined. 24 Tex.Jur., Injunctions, pars. 104 and 105, pp. 146 and 147.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.