Allen PHILLIPS and B. P. Allen et al., Appellants,

v.

CITY OF ODESSA, Texas, Appellee.

No. 5132.

Court of Civil Appeals of Texas.

El Paso.

Jan. 11, 1956.

Rehearing Denied Feb. 1, 1956.

John Lee Smith, Lubbock, for appellants.

Malvern G. McDonald, City Atty., Walter H. Acreman, Asst. City Atty., Odessa, for appellee.

FRASER, Justice.

This was a suit brought by B. P. Allen and others attacking the validity of an annexation ordinance of the City of Odessa. The court upon hearing on the pleadings sustained defendant's exception No. 1, which urged the dismissal of plaintiffs' pleading because it was not brought as an action in quo warranto under the provisions of Article 6253, R.S., thereby dismissing plaintiffs' pleadings. From this action of the trial court the plaintiffs have appealed.

Plaintiffs' brief sets forth that they brought the suit under Art. 2524–1 R.S., Vernon's Ann.Civ.St., the Declaratory Judgment Act, alleging the invalidity of the annexation ordinance because such ordinance violates Article 1, § 17, Art. 1, § 19, and Art. 1, § 29 of the Texas Constitution, and Article V and Article XIV of the United States Constitution. The brief further sets out that plaintiffs have been denied their Constitutional rights in the following particulars:

1. That they had been denied the right of suffrage.

2. That they had suffered the deprivation of their property without due process of law.

3. That their property had been subjected to taxation in an action in which they had been denied the right of participation.

4. That their properties had been seized and destroyed by defendant city without any sort of process by law, and that no compensation had been tendered therefor.

Plaintiffs' action was not in quo warranto, and plaintiffs allege that neither is it a damage suit, but claim their right to bring the action under the declaratory judgment statute.

It has been well established that the annexation of adjacent territory by a city may be questioned only by direct suit in the nature of a quo warranto or a proceeding in which the State is a party. The validity of an annexation by a city can not

be collaterally attacked. Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231; Kuhn v. Yoakum, 6 S.W.2d 91; Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134. The only exception to the above rule appears to develop where the annexation ordinances are void, but this rule does not permit collateral attacks where the allegations indicate that the annexation is merely voidable. Rice Consol. Common School Dist. No. 13 v. City of Tyler, Tex.Civ.App., 219 S.W.2d 558; Turner v. City of Beaumont, Tex.Civ.App., 197 S.W.2d 114; City of Port Arthur v. Gaskin, Tex.Civ.App., 107 S.W.2d 610; Tod v. Houston, Tex.Com. App., 276 S.W. 419; City of Pelly v. Harris County Water Control and Imp. Dist. No. 7, Tex.Civ.App., 195 S.W.2d 241.

█ It is obvious from examination of the pleadings and brief that the suit of plaintiffs is one charging that the annexation ordinances are unconstitutional, as being in derogation of State and constitutional rights of the complainants. It is therefore clear that the plaintiffs' suit is a collateral attack on the annexation proceedings instituted by the city of Odessa, and not being quo warranto in form nor having joined the State as a party, is properly subject to the exception sustained by the lower court. There is no evidence that the ordinance is invalid or void on its face. We therefore hold that the trial court was correct in his sustaining defendant's exception.

The right to annex adjacent territory has been thoroughly tested in the courts of the State, the decisions have been in favor of the annexing cities, and the various cases have thoroughly explored the constitutional questions involved and here briefed. The courts have uniformly upheld the right of a city to annex adjacent territory. Smallwood v. City of Dallas, Tex. Civ.App., 216 S.W.2d 272; Allen v. City of Austin, Tex.Civ.App., 116 S.W.2d 468; City of Houston v. State, etc., 142 Tex. 190, 176 S.W.2d 928; State ex rel. Martin v. City of Waxahachie, Tex.Civ.App., 248 S.W.2d 971. With reference to plaintiffs' allegations charging that the ordinance involved violates State and Federal constitutional rights, the cases cited above have discussed that question adversely to appellants' contention.

█ Appellants further allege that theirs is a suit brought under the Declaratory Judgment Act, and that such statute thereby authorizes them to bring the action in this manner without making the State a party or following the usual quo warranto procedure. It has been established that the Declaratory Judgment Act does not enlarge existing jurisdiction or create new jurisdiction for the courts. Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862; Town of Santa Rosa v. Johnson, Tex.Civ. App., 184 S.W.2d 340; Germany v. Pope, Tex.Civ.App., 222 S.W.2d 172; Joseph v. City of Ranger, Tex.Civ.App., 188 S.W.2d 1013. The above cases further point out that in the absence of the State the judgment sought would not be conclusive of the controversy nor of the parties concerned but not represented in the law suit. We must therefore hold that the trial court was correct in holding that he did not have authority under the Declaratory Judgment Act to dispose of this cause, and therefore was correct in sustaining defendant's bill of exception.

In conclusion, it seems clear that the law of the State of Texas has been well established to the effect that the action of a municipality in exercising its authority to extend its boundaries can only be attacked or questioned by quo warranto proceedings, and cannot be questioned in a collateral attack brought by individuals only, unless the action or ordinance was void on its face, nor can litigants by calling their action a suit brought under the Declaratory Judgment Act bring such collateral attack in the absence of representatives of the State of Texas, as such Declaratory Judgment Act cannot and does not enlarge the jurisdiction of any court, nor does it create any new jurisdiction, but actions thereunder must be controlled by the Act itself, which is clearly remedial and procedural in character. We therefore overrule all of appellants' points.

For the above reasons the judgment of the trial court is affirmed.