**CITY OF IRVING, Texas, Appellant,**

**v.**

**Carl B. CALLAWAY et al., Appellees.**

No. 16093.

Court of Civil Appeals of Texas.

Dallas.

Dec. 21, 1962.

Rehearing Denied Jan. 11, 1963.

---

C. J. Taylor, Jr., City Atty., and Wells & Power, Irving, for appellant.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellees.

WILLIAMS, Justice.

Carl B. Callaway, Edward Marcus, Morris E. Moore, Bruton Orand, Rae E. Skillern and Jack Wyatt, as original plaintiffs, brought this suit against the City of Irving seeking a temporary restraining order, temporary injunction, and permanent injunction, restraining the defendant City from proceeding further with a "First Reading" annexation Ordinance which plaintiffs al-

lege to be void. The Ordinance No. 625, was enacted on first reading on July 28, 1960. The Ordinance attempted to annex approximately 40 square miles of land situated in Dallas and Denton Counties. Plaintiffs were property owners and residents in the area described in said Ordinance No. 625 and they allege that the purported Ordinance of annexation was invalid and void ab initio for the reasons, inter alia, that such Ordinance included an area already within the corporate limits of another municipal corporation and also that the property described in such Ordinance was not adjacent to and contiguous with the existing corporate limits of the City of Irving, Texas. After the suit was filed James Frady, and approximately 40 other property owners in the area, filed a plea of intervention, adopting the allegations of plaintiffs' petition. Temporary restraining order was issued and when the matter came on to be heard on temporary injunction the parties stipulated that the hearing should be on the merits for permanent injunction. Following a non-jury trial the court rendered judgment in favor of plaintiffs and intervenors permanently enjoining the City of Irving from taking any further action with reference to the purported annexation Ordinance No. 625. From that judgment the City of Irving brings this appeal.

Appellant's primary attack upon the judgment of the trial court (as contained in its first four points on appeal) is based upon the proposition that this suit is one that must be brought in the nature of quo warranto proceeding by the State of Texas and that since appellees do not have the legal capacity to sue for the relief sought, such action should have been dismissed. Appellant presented this defense to the trial court through the medium of a motion for summary judgment, motion to dismiss, motion to abate, as well as special exceptions, all of which were overruled.

Both parties agree that this action constitutes a collateral attack upon the inchoate annexation ordinance passed by the City of Irving. The sole question, therefore, is whether such a collateral attack may be made by private citizens, as was done here, or whether such action must be brought in a nature of quo warranto action pursuant to Art. 6253, Vernon's Ann. Civ.St.

■ After a careful review of many cases dealing directly with the question we are of the opinion that the law of Texas is well settled that when objections are leveled to an annexation Ordinance relating to irregularities, or which would make it voidable only, same will not support a collateral attack and must be raised only by quo warranto. We think it equally well established that when an annexation ordinance is attacked on grounds which are alleged to make the action of the municipality entirely void then such action may be instituted by any person or persons affected by such void ordinance. The rule is succinctly stated in 30–A Tex.Jur. § 99, pp. 111–113 as follows:

> "The validity of an annexation by a city cannot be collaterally attacked in a suit by an individual where the city, in attempting to annex territory, acts under authority conferred by law or its charter, and thereafter assumes and exercises authority over the territory attempted to be annexed; such annexation may be questioned only by a direct suit in the nature of a quo warranto or in a proceeding to which the State is a party. However, the act of extension or annexation is subject to collateral attack by anyone, whenever and wherever its validity is called in question, where it is absolutely void because wholly beyond the powers of the municipality—that is, an act not authorized by law or color of law."

Our Supreme Court announced this rule of law in the early case of Lum v. City of Bowie, Tex., 18 S.W. 142 (1891) involving an attempt of annexation which was attack by private citizens. Holding that it was not necessary to bring the action in

the nature of quo warranto proceeding, the Supreme Court said:

"The proceedings by means of which it was attempted to annex the land of appellants were, we think, void, and not mere irregularities, and the rule is familiar that void acts may be questioned collaterally."

This rule has been consistently followed by Texas cases to the present time. Waco v. Higginson, Tex.Civ.App., 226 S.W. 1084; City of Houston v. Magnolia Park, Tex. Com.App., 276 S.W. 685; Kuhn v. City of Yoakum, Tex.Com.App., 6 S.W.2d 91; Hunt v. Atkinson, Tex.Com.App., 12 S. W.2d 142; Grisham v. Tate, Tex.Civ.App., 35 S.W.2d 264; Town of Griffing Park v. City of Port Arthur, Tex.Civ.App., 36 S.W.2d 593; City of Port Arthur v. Gaskin, Tex.Civ.App., 107 S.W.2d 610; City of Galena Park v. City of Houston, Tex.Civ. App., 133 S.W.2d 162; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231; City of Pelley v. Harris County Water Control, etc., Tex.Civ.App., 195 S.W.2d 241; Phillips v. Odessa, Tex.Civ.App., 287 S.W. 2d 518; State ex rel. City of West Orange v. Orange, Tex.Civ.App., 300 S.W.2d 705 and Forbes v. City of Houston, Tex.Civ. App., 304 S.W.2d 542.

Such being the rule we look to appellees' pleadings to determine the invalidity asserted. The two principal grounds charging the attempted annexation ordinance void ab initio were that (1) such ordinance attempted to annex territory within the corporate limits of another municipal corporation, and (2) that same attempted to annex property which is not adjacent to the corporate limits of the City of Irving.

The right of the City of Irving, a Home Rule City, to annex any territory is derived from Art. 1175, § 2, V.A.C.S., and its own charter. Perforce these authorities the City of Irving has the right to annex territory but, as said by the Supreme Court in City of Houston v. City of West University Place, 142 Tex. 190, 176 S.W.2d 928, "The only limitation on the city's pow-

er to annex additional territory is that it shall be adjacent thereto and not a part of any other municipality * * *." See also City of El Paso v. Town of Ascarate, Tex.Civ.App., 209 S.W.2d 989; Town of Griffing Park v. City of Port Arthur, Tex. Civ.App., 36 S.W.2d 593; Port Arthur v. Gaskin, Tex.Civ.App., 107 S.W.2d 610; City of West University Place v. Bellaire, 198 S.W.2d 766; Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134 (S.Ct.); Pan American Production Co. v. City of Texas City, 157 Tex. 450, 303 S.W.2d 780; Pitzer v. Abilene, Tex.Civ.App., 323 S.W.2d 623.

The foregoing cases are direct authority for the proposition that where an annexation ordinance includes territory already incorporated within another municipality same is wholly void and not merely voidable. It has also been held that if the attempted annexation ordinance includes a part of the territory already covered by an annexation ordinance of a different municipality, then the attempted annexation is invalid as a whole and the ordinance may not be reformed by judicial action. American Mfg. Co. of Texas v. City of Fort Worth, Tex.Civ.App., 314 S.W.2d 335.

In the light of these authorities, and the uncontroverted facts presented here, we are of the opinion that appellees' suit challenging the purported annexation Ordinance No. 625 of the City of Irving clearly demonstrates facts which would declare said inchoate annexation ordinance to be void ab initio, and not merely voidable for irregularities, so as to justify the bringing of such suit in the nature of a collateral attack rather than directly through the medium of quo warranto proceedings. Appellant's points one through four are overruled.

The trial court, in its judgment, found that the territory embraced by the proposed annexation Ordinance No. 625 was not adjacent to the City Limits of the City of Irving and, therefore, such ordinance was

void. By its fifth point of error, appellant assails this finding, contending that such finding is not supported by the evidence. Art. 1175, § 2, V.A.C.S., authorizes Home Rule Cities to annex additional territory "lying adjacent to said city." The Charter of the City of Irving, which limits the power of the appellant, provides for the extension of the boundary limits and the annexation of additional territory "lying adjacent to the city." It is stipulated in this record that the area described in Ordinance No. 625 is not contiguous to any land annexed to the City of Irving by final reading, nor to the original City Limits. The record reveals that there is a space of approximately six and one fourth miles between the nearest area contained in Ordinance No. 625 and, any land finally annexed to the City of Irving. The record further reveals that the land encompassed by the proposed Ordinance No. 625 is adjacent to territory described in Ordinance No. 336, embracing a large area of land, but Ordinance No. 336 itself is a "First Reading" Ordinance. It is further undisputed in this record that the area encompassed by "First Reading" Ordinance No. 336 is separated from the original City of Irving by an area encompassed within Ordinance No. 176, likewise "First Reading" Ordinance, and also attacked as being void on its face in that it describes no identifiable territory because it does not completely close its territory, leaving a gap of about five and one half miles between its points of beginning and ending.

■■ Appellant attempts to justify the attempted annexation on the theory that it is sufficient that such proposed annexed territory be adjacent and connect the permanent territory of the City by an Ordinance "First Reading". Appellant cites us to no cases holding this and we have been unable to find any. It is fundamental that territory does not become a part of a City, or is to be considered within its boundary limits, until its annexation is finally accomplished. "First Reading" is merely the initial step of leading towards annexation and

does not, in itself, effect annexation. Appellant further contends that the term "adjacent" as used in the annexation statute and the Charter of the City does not require the property to be actually touching, but merely "close or near by" or "close or contiguous, but not touching" "near" or "close". Broun v. T. & N. O. Ry. Co., Tex. Civ.App., 295 S.W. 670; Hanifen v. Armitage, 117 F. 845. In those cases it is indicated that the term "adjacent" may have various meanings and various circumstances. However, we have been unable to find any Texas cases which would indicate, even remotely, that a gap of more than six miles of territory would be considered "adjacent" within the meaning of the statute and charter. We have been unable to find any Texas cases upholding an annexation of property not contiguous to the existing City Limits. In the case of City of Waco v. Higginson, Tex.Com.App., 243 S.W. 1078, the court construed the term "adjacent" in an annexation statute as the equivalent of "contiguous". See also City of Wink v. Wink Gas Co., Tex.Civ.App., 115 S.W.2d 973; City of Port Arthur v. Gaskin, Tex.Civ.App., 107 S.W.2d 610; Hall v. Gulf Ins. Co. of Dallas, Tex.Civ.App., 200 S.W.2d 450; Pan American Production v. Texas City, Tex., 303 S.W.2d 780; Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072; Village of Niobrara v. Tichy, 158 Neb. 517, 63 N.W.2d 867; Jones v. City of Chadron, 156 Neb. 150, 55 N.W.2d 495; In re Saddler, 142 Pa.St. 511, 21 A. 978; and 37 Am.Jur. Municipal Corporations, § 27. There being ample evidence in this record to support the finding of the trial court that the area sought to be annexed is not "adjacent" to the City of Irving, appellant's fifth point is overruled.

■ By its sixth point appellant attacks the finding of the trial court to the effect that Ordinance No. 625 is invalid and void ab initio for the reason that it purports to include therein territory which is already within the corporate limits of another municipal corporation, to-wit: the Town of Renner, Texas. By stipulation, it was

agreed that Irving City Ordinance No. 625 purports to include certain land covered by a purported annexation ordinance of the Town of Renner passed before the passage on "First Reading" of Irving City Ordinance No. 625. Appellant makes no serious effort to deny that the Ordinances overlap, being content to claim that the Renner Ordinance was invalid. This appellant cannot do so since such would amount to a collateral attack on the validity of the Renner Ordinance, and the grounds sought to be asserted were such that they could only be asserted against Renner in quo warranto proceedings. As pointed out by appellees in their brief, even if Irving was permitted to make a collateral attack on the Renner Ordinance, any defect of the Renner Ordinance has been cured by a validating act of the Texas Legislature, Ch. 19, H.B. No. 29, Vernon's Texas Sessions Laws, 56th Legislature, 3rd Called Session, p. 430. The law is well settled in Texas that an ordinance attempting to annex property in another municipality is absolutely void and subject to collateral attack by anyone whose interests are affected. City of Galena Park v. City of Houston, Tex.Civ.App., 133 S.W. 2d 162; City of El Paso v. Town of Ascarate, Tex.Civ.App., 209 S.W.2d 989; Beyer v. Templeton, 147 Tex. 94, 212 S.W. 2d 134; City of West Orange v. Orange, Tex.Civ.App., 300 S.W.2d 705; American Mfg. Co. of Texas v. City of Fort Worth, Tex.Civ.App., 314 S.W.2d 335. Appellant's sixth point is overruled.

By its seventh point, appellant asserts that the trial court erred in holding that the annexation ordinance was subject to judicial review on the question of abuse of discretion by a legislative body, relying upon the authority of City of Houston v. City of West University Place, Tex., 176 S.W.2d 928 (S.Ct.). We have no dispute with this proposition of law, nor the authorities cited in support thereof. However, the point must be overruled for the reason that the judgment of the trial court is not based upon the theory of "abuse of discretion". As stated in the discussion of preceding points, the judgment of the trial court is based upon the finding that the purported ordinance No. 625 is void ab initio because (1) it attempts to annex property already annexed by another corporation; and (2) it attempts to annex property which is not adjacent to the limits of the City. Appellant's seventh point is overruled.

By its eighth and ninth points on appeal brief together, appellant contends that no damage was proved by appellees, nor was there any evidence of a cloud on the title of appellees' real estate within the area, or, if such had been established would amount to damnum absque injuria.

These points are found to be without merit, and are overruled. The judgment in this case against appellant does not incorporate an element of damages. Appellees, in their pleadings, and supported by proof, showed that the purported ordinance cast a cloud on their use and enjoyment of their property and interfered with the use and development of the property, especially with reference to possible future sales thereof. This demonstrated a showing of threat of injury as a predicate for injunctive relief. We find ample evidence in this record to support the judgment of the trial court that injury was threatened and the existence of the purported ordinance and the prospective annexation into the City of Irving had adversely affected the value of appellees' land and would continue to do so.

We have carefully considered appellant's tenth, and last point of error and finding the same to be without merit, the same is overruled.

Having carefully considered all of appellant's points on appeal, and finding that they are without merit, same are overruled, and the judgment of the trial court is, in all things, affirmed.

Affirmed.

YOUNG, J., not sitting on original disposition of case; BATEMAN, J., not participating on rehearing.