

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 27, 1963

Mr. Harry B. Kelton, Director
Texas National Guard Armory Board
West Austin Station
Austin 31, Texas

Opinion No. C- 128

Re: Validity of contract between
Air National Guard and City
of Grand Prairie.

Dear Mr. Kelton:

In your request for an opinion dated August 2, 1963, you stated the following facts:

"Under the date of March 23, 1961, the Texas National Guard Armory Board, acting through the Air National Guard, entered into a Contract, . . . with the City of Grand Prairie, Texas. This Contract provided, in part, that the Air National Guard would construct an eight inch cast iron water main within the City of Grand Prairie, the purposes of which were to provide better service to the Air National Guard facility at Hensley Field and to improve the distribution system of the City of Grand Prairie for the benefit of its citizens. The Contract further provided that the City of Grand Prairie would reimburse the Air National Guard the cost of this extension by giving the Hensley Field facility a 40% credit on all water bills until the entire cost has been repaid.

Pursuant to this Contract, the Air National Guard expended the sum of approximately $21,000. When demand was made by the Air National Guard for credit on its first water bill, the officials of the City of Grand Prairie advised representatives of the Guard that, in their opinion, the Contract was illegal and void. Their reasons for taking this position are set forth in a letter dated April

Mr. Harry B. Kelton, page 2 (C- 128 )

15, 1963, copy of which is attached and marked Exhibit "B".

We would appreciate your advice as to whether or not the Contract is binding upon the City of Grand Prairie."

From additional information given to this office, it is apparently contended that an April 7, 1959 amendment to the Charter of the City of Grand Prairie prohibits the city from entering into such a contract of reimbursement. The applicable portion of the Charter, which we have, reads as follows:

"'Henceforth, the City Commission shall not authorize any contract of reimbursement with any owner or developer for any of the costs or expenses incident to the development within any subdivision, including, but not exclusively, the costs and expenses of the construction of streets, curbs, gutters, sidewalks, approaches, alleys, drainage systems, water mains or sewer mains that are required by the City to adequately serve such subdivision.'"

The above quoted portion of the Charter is by its own terms applicable only to subdivisions. In Texas the term "subdivision" is a word of art and by statute has a definite meaning. (Article 974 (a), Vernon's Civil Statutes). Hensley Field, a military establishment, is certainly not a subdivision of a city within the accepted meaning of a subdivision.

Nor do we know of any constitutional or statutory provisions which would prohibit an incorporated city, town or village from entering into such a contract of reimbursement. Such reimbursement contracts are frequently used by cities in order to facilitate the construction of public utilities within their incorporated limits. Such contracts are in the exercise by a city of its proprietory functions in order to secure a better or extended water distribution system for the city. Mederland v. Callihan, 299 S.W.2d 380 (Tex.Civ.App. 1957, error ref., n.r.e.).

Even if the contract entered into was void, it is our opinion that the City of Grand Prairie, like a private person, would nevertheless be liable to reimburse the Air National Guard for the construction of such water main. Pitzer v. City of Abilene, 323 S.W.2d 623 (Tex.Civ.App. 1959); Boiles v. City of Abilene, 276 S.W.2d 922 (Tex.Civ.App. 1955, error ref.)

The Courts of this State have uniformly held that an incorporated city, town or village may be liable under a contract though it be void. This rule is stated as follows in the case of Sluder v. City of San Antonio, 2 S.W.2d 841 (Tex.Comm.App., 1928)

". . .Since the decision in the French Case /City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440 7 our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation."

The letter from the City, dated April 15, 1963, states:

"Additionally, the Constitution of the State of Texas prohibits a city from lending its credit in any manner whatsoever, and further from authorizing any expenditure without making provision for the tax levy to pay such indebtedness. In regard to this provision, the Charter of the City of Grand Prairie further provides that no public monies shall be spent or appropriated that are not currently within possession of the city. It is my opinion that the contract referred to violated all of these constitutional provisions, as well as both charter provisions referred to."

The above contentions of the city cannot be sustained by virtue of the following cases. Mineralized Rubber Co. v. City of Cleburne, 56 S.W. 220 (Tex.Civ.App. 1900) and Wagner v. Porter, 56 S.W. 560 (Tex.Civ.App. 1900), and other cases cited herein, and those cited and discussed in Sluder v. City of San Antonio, supra.

It is therefore our opinion that the Air National Guard is entitled to receive reimbursement for the construction of such water main.

## S U M M A R Y

The Contract between the Air National Guard and the City of Grand Prairie, whereby the Air National Guard was to construct a water main and the City of Grand Prairie was to receive title to such main and reimburse the Air National Guard for the amount so expended, is a valid contract.

Very truly yours,

WAGGONER CARR
Attorney General

By    Jerry Brock
      Assistant

JB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Marietta Payne
Ban Harrison
Roger Tyler
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone