**MULTI–COUNTY WATER SUPPLY CORPORATION, Appellant,**

v.

**CITY OF HAMILTON, Texas and Upper Leon River Municipal Water District, Appellees.**

No. 14–09–00333–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 2010.

Rehearing Overruled Oct. 21, 2010.

**906**

Kathleen French Dow, Waco, for appellant.

Stuart Smith, Waco, John J. McKetta III, Robin A. Melvin, Austin, for appellees.

Panel consists of Justices BROWN, SULLIVAN, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

In the dispositive issue in this contract case, the appellant argues that governmental immunity does not apply to a suit in which the plaintiff seeks only a declaration of the parties' rights and obligations under a contract, together with an injunction for prospective relief. Because we conclude that governmental immunity has not been waived, we affirm the trial court's judgment granting the governmental defendants' pleas to the jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Multi–County Water Supply Corporation ("Multi–County") entered into a long-term contract to purchase treated water from the City of Hamilton. At the inception of the contract, the City was purchasing "raw" water from the Upper Leon River Municipal Water District ("the District"), a special-purpose district created by the legislature. Multi–County was not a party to that pre-existing contract between the City and the District. The City then treated the "raw" water using its own treatment plant and transported the treated water to Multi–County via the City's transmission lines.

As relevant to this suit, the contract between Multi–County and the City provided for the annual modification of water rates as follows:

> Any increase or decrease in rates by the City to Purchaser shall be based on a demonstrable increase or decrease in the costs of performance hereunder, and such costs shall be restricted to the cost of water purchased by the City from Upper Leon Municipal Water District, operation and maintenance expenses of the City for raw water transmission, treatment, and treatment plant and transmission of water to point of delivery; . . . depreciation allowance for all transmissions lines, production facility and distribution system relating to performance of this contract. Any increase or decrease in water cost shall be borne proportionate to usage by Purchaser of total system.

According to Multi–County's pleadings, the City ceased operating its water treatment plant in 2006 and transferred its water transmission line to the District. Thereafter, the City purchased treated water from the District, and in 2007, the City increased the rates it charged Multi–County for treated water.

In 2007, Multi–County sued the City and the District. Although the action was originally brought as an antitrust suit, Multi–County amended its pleadings to seek (1) a declaration that the phrase "the cost of water purchased by the City" in the above-quoted portion of the contract refers to the cost of raw water, (2) a declaration that the "operation and maintenance expenses" described in this excerpt are not recoverable by the City, (3) an injunction to prevent the City from including such "operation and maintenance expenses" in its calculation of Multi–County's water rates. In addition, Multi–County asked the trial court to enjoin the District from including in its calculation of the rates it charged the City any of the costs of acquiring and upgrading the City's water transmission and distribution lines. The City and the District filed pleas to the jurisdiction asserting governmental immunity, and the trial court sustained the pleas and dismissed the claims against them. Multi–County's motion for new trial was overruled by operation of law, and this appeal ensued.

## II. Issue Presented

In the dispositive issue in this case, Multi–County argues that the trial court erred in granting the pleas to the jurisdiction because the City and the District are not entitled to governmental immunity from a suit in which the plaintiff seeks only declaratory judgment and injunctive relief, but not money damages.

## III. Standard of Review

■ Because jurisdiction is a question of law, the trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Harris County Hosp. Dist. v. Tomball Reg'l. Hosp.*, 283 S.W.3d 838, 842 (Tex.2009). In performing this review, we do not consider the merits of the plaintiff's case, but focus instead on the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## IV. Analysis

■ It is undisputed that the City and the District are governmental entities. Governmental immunity applies to such entities, and encompasses both immunity from suit and immunity from liability. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex.2006). Immunity from suit deprives the trial court of subject-matter jurisdiction and bars an action against the governmental unit in the absence of express, clear, and unambiguous consent to suit. Tex. Gov't Code Ann. § 311.034 (Vernon 2005); *Tooke*, 197 S.W.3d at 332–33. Multi–County initially argued that governmental defendants are not immune from suit by a plaintiff seeking declaratory judgment and injunctive relief if the plaintiff does not request money damages or seek to impose liability on the governmental defendants. It generally is true that one who is interested under a written contract may bring a declaratory-judgment action to construe the contract, determine its validity, or determine the parties' contractual rights and duties. Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon 2008). But the Uniform Declaratory Judgments Act is not a general waiver of governmental immunity. By entering into a contract, a governmental entity waives immunity from liability but does not waive

immunity from suit. *Tooke,* 197 S.W.3d at 332. The Act "does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature." *City of El Paso v. Heinrich,* 284 S.W.3d 366, 370 (Tex.2009).

The authorities on which Multi–County relies are distinguishable in that they concern actions for declaratory judgment construing a statute[1] or actions for injunctive relief against the unlawful actions of government officials.[2] Multi–County's pleadings contain no request to construe a statute or ordinance. *Cf.* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(b) (municipality is a necessary party to a declaratory-judgment action to construe a statute). And although Multi–County claims that the respective conduct of the City and District may violate the terms of one or more contracts, it does not allege that their conduct is unlawful. *Cf. City of Elsa v. M.A.L.,* 226 S.W.3d 390, 392 (Tex.2007) (per curiam) (" '[S]uits for injunctive relief' may be maintained against governmental entities to remedy violations of the Texas Constitution." (quoting *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149 (Tex. 1995))).

■ Citing cases in which it is stated that the government is immune from suits "to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities,"[3] Multi-

County also argued that because it is not testing the contract's validity, requesting specific performance, or seeking to impose liability on the City or the District, governmental immunity does not apply. In treating these three items as an exhaustive list of the types of contract actions to which governmental immunity applies, Multi–County assumed that contract actions against governmental entities are permitted unless specifically barred. But the opposite is true: the government is immune from all suits except those to which it has consented. *Tooke,* 197 S.W.3d at 332–33. In pointing out that the government is immune to suits "to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities," courts have provided an illustrative list, not an exhaustive list. It must be remembered that governmental immunity "also protects a governmental unit from lawsuits that seek to control the unit's lawful actions by a final judgment made by a court of law." *City of Houston v. Houston Firefighters' Relief & Retirement Fund,* 196 S.W.3d 271, 277 (Tex. App.-Houston [1st Dist.] 2006, no pet.).

■ Multi–County conceded at oral argument that the City and District are entitled to governmental immunity under *City of El Paso v. Heinrich,* but asked that we remand the case to allow Multi–County to assert the same causes of action against

---

1. *See, e.g., Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 442–46 (Tex.1994); *Anderson v. City of McKinney,* 236 S.W.3d 481, 483–84 (Tex.App.-Dallas 2007, no pet.); *City of Seagoville v. Lytle,* 227 S.W.3d 401, 408–09 (Tex. App.-Dallas 2007, no pet.); *Bell v. City of Grand Prairie,* 221 S.W.3d 317, 323–25 (Tex. App.-Dallas 2007, no pet.);; *Hawkins v. El Paso First Health Plans, Inc.,* 214 S.W.3d 709, 717–18 (Tex.App.-Austin 2007, pet. denied); *City of Dallas v. Martin,* 214 S.W.3d 638, 640–41 (Tex.App.-Dallas 2006, pet. granted) (op. on reh'g); *City of Houston v. Houston Firefighters' Relief & Retirement Fund,* 196 S.W.3d 271, 277 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *City of Irving v. Callaway,* 363 S.W.2d 832, 833–34 (Tex.Civ.App.-Dallas 1962, writ ref'd n.r.e.).

2. *Heinrich,* 284 S.W.3d at 368–369; *Dewhurst v. Gulf Marine Inst. of Tech.,* 55 S.W.3d 91, 96–97 (Tex.App.-Corpus Christi 2001, pet. denied).

3. *See e.g., Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002); *County of Galveston v. Tolle,* 176 S.W.3d 859, 863 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).

City and District officials, rather than against the governmental entities themselves. *See Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 839–40 (Tex. 2007) (holding that a plaintiff who loses a plea to the jurisdiction based on immunity is entitled to remand if the jurisdictional pleading defect can be cured by amendment). But Multi–County's complaint is that the actions of the City and the District violate a contract, not that the actions of either entity—or of any individual on behalf of either entity—violate the law. Thus, amending the pleadings to name City and District officials as defendants in place of the entities themselves would not change the nature of the action so as to avoid immunity. *See id.* at 840 (explaining that remanding a case "would serve no legitimate purpose" where the underlying claim is for breach of a contract); *W.D. Haden Co. v. Dodgen,* 158 Tex. 74, 81–82, 308 S.W.2d 838, 842 (1958) (drawing no distinction between the individual defendant and the agency defendant in holding that a suit seeking "enforcement of contract rights" is barred by immunity in the absence of any "statutory provision governing or limiting the manner of sale"). The underlying nature of Multi–County's contract claim is not altered simply because it seeks to prevent the governmental entities from continuing the alleged breach of contract in the future rather than seeking monetary damages for a breach that may have occurred in the past.

In sum, this is a contract action to which governmental immunity applies. *See, e.g., Dodgen,* 158 Tex. at 79, 308 S.W.2d at 840–41 (holding that immunity applies to suit for declaratory judgment that plaintiff was entitled to continue paying for mudshell at the price specified in its "contract" with the government); *Anderson v. City of McKinney,* 236 S.W.3d 481, 482–83 (Tex. App.-Dallas 2007, no pet.) (explaining that a governmental entity has immunity from suits seeking "to control government actions"). Whether Multi–County challenges the entities' past or future contract performance, the remedy is the same: "if a party who contracts with the State feels aggrieved, it can seek re-dress by asking the Legislature to waive immunity from suit." *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002).

## V. CONCLUSION

We conclude that the trial court did not err in granting the governmental entities' pleas to the jurisdiction. We therefore overrule Multi–County's first issue and sustain the trial court's judgment.[4]

---

4. Inasmuch as the trial court lacks jurisdiction due to immunity, it is unnecessary to address the second jurisdictional issue, i.e., whether Multi–County lacks standing for its request that the trial court construe the contract between the City and the District.