

# IN THE
## TENTH COURT OF APPEALS

_____

## No. 10-11-00037-CV

_____

**MULTI-COUNTY WATER SUPPLY
CORPORATION,**

                                                    **Appellant**

 **v.**

**CITY OF HAMILTON, TEXAS, WILLIAM
"BILL" FUNDERBURK, BETTY JENKINS,
GRANT LENGEFELD, ROY RUMSEY, MIKE
COLLETT, BRADLEY HAILE, CODY LEE,
MARK DUDDING AND HELEN TOWNSEND,**

                                                    **Appellees**

_____

**From the 220th District Court
Hamilton County, Texas
Trial Court No. CV-08810**

_____

## MEMORANDUM OPINION

_____

Multi-County Water Supply Corporation sued the City of Hamilton, William

"Bill" Funderburk, the City Manager of the City of Hamilton, and City councilmembers

Betty Jenkins, Grant Lengefeld, Roy Rumsey, Mike Collett, Bradley Haile, Cody Lee,

Mark Dudding, and Helen Townsend regarding a contract it had with the City. The

City and its officials filed a plea to the jurisdiction alleging governmental immunity,

which the trial court granted. Multi-County appeals. Because the trial court did not err in granting the plea to the jurisdiction, the order of the trial court is affirmed.

## BACKGROUND

As alleged in Multi-County's brief on appeal, the City supplies wholesale water to Multi-County for customers who live outside the city limits of the City. Multi-County further alleged in its brief that a contract between the City and Multi-County contemplated the City's purchase and treatment of "raw" water from "Upper Leon" for resale to Multi-County and that the City began purchasing treated water and reselling it to Multi-County.

In 2007, Multi-County sued the City and sought certain declarations and an injunction. The City filed a plea to the jurisdiction which the trial court granted. On appeal, the Fourteenth Court of Appeals, interpreting Multi-County's claims as a contract action to which governmental immunity applied, affirmed the trial court's decision. *Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905 (Tex. App.—Houston [14th Dist]. 2010, pet. denied). The court also declined Multi-County's request for a remand so that it could amend its petition to assert the same claims against City officials because amending the pleadings to name the officials as defendants "would not change the nature of the action so as to avoid immunity." *Id*. at 909. That opinion was issued on August 31, 2010.

Fourteen days later, Multi-County again sued the City in addition to the city manager and the members of the city council (City officials) requesting: (1) an interpretation of the phrase, "cost of water purchased by the City," in the contract and whether it is limited to the cost of raw water; (2) a declaration that the operation and maintenance expenses described in the contract were calculated improperly based on fraudulent action of the City's budget officer; and (3) an injunction against the City for inclusion of the costs of the "operation and maintenance expenses of the City for raw water transmission, treatment and treatment plant and transmission of water to point of delivery" in the calculation of the water rate charged under the contract. The City and its officials filed a plea to the jurisdiction alleging governmental immunity which was granted. It is to this second suit that this appeal pertains.

## IMMUNITY

Sovereign immunity protects the State and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). Governmental immunity also protects government officers sued in their official capacities to the extent that it protects their employers. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009).

Sovereign immunity and governmental immunity are common law doctrines, but the waiver of immunity has traditionally been left to the Legislature. *Travis Cent. Appraisal Dist.*, 342 S.W.3d at 58 (quoting *Wichita Falls State Hosp.*, 106 S.W.3d at 695). When dealing with these immunities, the Legislature has been required to express its intent to waive immunity clearly and unambiguously. *Id*. (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) and TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011) (codifying the clear and unambiguous standard)).

An order which grants or denies a plea questioning the trial court's jurisdiction is reviewed de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id*.

*Proprietary Function*

In its first issue, Multi-County contends that the trial court erred in granting the plea to the jurisdiction because governmental immunity does not bar a claim arising from the City's performance of a proprietary function. Multi-County's argument then proceeds that because the City is exercising a proprietary function, rather than a governmental function, by providing water to Multi-County, the City is not immune from suit.

Governmental functions are those functions that are enjoined on a municipality by law and are given to it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a) (West 2011); *City of San Antonio v. BSR Water Co.*, 190 S.W.3d 747, 752 (Tex. App.—San Antonio 2005, no pet.). A municipality performing a governmental function is afforded governmental immunity unless immunity has been waived under the Texas Tort Claims Act. *Id.* Proprietary functions are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality. *See id.* § 101.0215(b); *BSR Water Co.*, 190 S.W.3d at 752. Proprietary functions are not integral to a municipality's function as an arm of the state. *Id.*

The Texas Tort Claims Act, which is the chapter in the Civil Practice and Remedies Code that affords a limited waiver of governmental immunity, provides a laundry list of municipal services that are governmental functions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a) (West 2011). Thus, if the function or service is included in the list, any suit related to that service or function is a governmental function and therefore must be brought within the waiver of immunity provision of the Act. *BSR Water Co.*, 190 S.W.3d at 753-754.

If Multi-County's suit was a tort claim, it could be subject to the limited waiver of immunity provision of the Tort Claims Act because the suit falls within several of the provisions of the laundry list of governmental functions, specifically including

waterworks, water and sewer service, and possibly transportation system as it relates to the delivery of water via a pipeline transportation system. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(11), (32), and (22), respectively (West 2011).

However, because Multi-County's suit is fundamentally a breach of contract claim rather than a tort claim, the Tort Claims Act could not provide even a limited waiver of governmental immunity. *Id*. § 101.021. Further, because Multi-County appears to allege claims of fraud, even if the suit is, in part, a tort claim, Multi-County has not alleged how the limited waiver provision would be applicable to waive immunity on the facts of this suit, and in particular, claims of fraud do not fall within the limited waiver of the Texas Tort Claims Act. *Id*. Multi-County does not allege it has sued the individual defendants in any capacity other than their official capacities.

Multi-County's first issue is overruled.

*Ultra Vires*

In its second issue, Multi-County argues that its pleadings allege ultra vires acts of the City Manager and budget officer, Bill Funderburk, members of the City Council, and the former Mayor in preparing and implementing the 2006 budget; and thus, the trial court erred in granting the City's and officials' plea to the jurisdiction.

Multi-County's suit appears to be one filed pursuant to the Declaratory Judgment Act, and while the DJA waives sovereign immunity for certain claims, such as challenges to the validity of a municipal ordinance or statute, it is not a general

waiver of sovereign immunity just because the dispute could otherwise be brought as a DJA claim. TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2008); *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, No. 07-0945, ___ S.W.3d ___, 2011 Tex. LEXIS 640, *7, 8 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). However, under the "ultra vires" exception to sovereign immunity, suits to require government officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the prospective payment of money. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997). *See also Tex. DOT v. Sefzik*, No. 08-0943, ___ S.W.3d ___, 2011 Tex. LEXIS 801, *5 (Tex. 2011). This is because suits to compel state officers to act within their official capacity do not attempt to subject the State to liability. *IT-Davy*, 74 S.W.3d at 855. To fall within the ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act as required by a statute or the Constitution. *Heinrich*, 284 S.W.3d at 372.

Thus, the proper defendant in an ultra vires action is the State or governmental official, not the State or governmental entity itself. *Sefzik*, 2011 Tex. LEXIS 801, at *6; *see*

*Heinrich*, 284 S.W.3d at 372-373. In an ultra vires action, the governmental entity remains immune from suit. *Heinrich*, 284 S.W.3d at 372-373.

<u>*City*</u>

Multi-County sued the City as well as the City officials. Because Multi-County does not challenge the validity of a municipal ordinance or statute, and because the proper defendant in an ultra vires action is the official and not the entity, sovereign immunity is not waived by the DJA and the City remains immune from suit. Accordingly, the trial court did not err in granting the plea to the jurisdiction as to the City.

<u>*City Officials*</u>

In its First Amended Petition, Multi-County alleged that the City officials acted "outside their authority in assessing the costs of numerous operating and maintenance expenses from Multi-County, despite the plain language of the contract…" and made representations of those expense items intending that Multi-County would rely upon them to its detriment. Multi-County does not allege that the officials did not have the legal or statutory authority to act; it alleges only that they acted contrary to the contract.

Multi-County specifically alleged that Bill Funderburk, as the City Manager and budget officer, (1) violated his duty as a budget officer by adding amounts in the budget that differ in purpose from the stated expenditure, or by increasing the amounts budgeted without justification in the identified categories of water distribution salary,

depreciation, and line maintenance in contravention of Section 102.003 of the Local Government Code; (2) acted outside the scope of his official duties in improperly setting the wholesale water rate to Multi-County by using operation and maintenance expense items in the 2006/2007 budget that were false; and (3) acted with intent to deceive Multi-County by inaccurately inflating those items within the budget and then using the inaccurate figures to set the wholesale water rate.

Section 102.003 provides:

(a)     The budget officer shall itemize the budget to allow as clear a comparison as practicable between expenditures included in the proposed budget and actual expenditures for the same or similar purposes made for the preceding year.  The budget must show as definitely as possible each of the projects for which expenditures are set up in the budget and the estimated amount of money carried in the budget for each project.

(b) The budget must contain a complete financial statement of the municipality that shows:
        (1) the outstanding obligations of the municipality;
        (2) the cash on hand to the credit of each fund;
        (3) the funds received from all sources during the preceding year;
        (4) the funds available from all sources during the ensuing year;
        (5) the estimated revenue available to cover the proposed budget;  and
        (6) the estimated tax rate required to cover the proposed budget.

TEX. LOCAL GOV'T CODE ANN. § 102.003 (West 2011).

Multi-County did not allege that Funderburk had no authority to act as the budget officer or to itemize the budget or did not itemize the budget at all.  At most,

Multi-County alleged that Funderburk's itemization of the budget was in error, and because it was in error, the wholesale water rate was improperly set. That is not the type of act that gives rise to a suit against a government official based upon ultra vires acts.

Multi-County further alleged that Roy Rumsey, the former mayor and current councilmember, committed ultra vires actions to the extent he purported to delineate the basis for the rate in the notices sent regarding the water rate increases but failed to determine or verify the accuracy of the information contained in the notices. Multi-County did not allege that the former mayor did not have the authority or did not comply with a required statute or provision to communicate the water rate in a notice to Multi-County.

In essence, Multi-County's suit against the City officials is not an ultra vires action but is simply a breach of contract suit to enforce its interpretation of the contract it had with the City and to obtain damages as a result of alleged errors in the 2006/2007 budget. *See Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905 (Tex. App.—Houston [14th Dist]. 2010, pet. denied). As such, the suit is barred by governmental immunity. Further, even if the allegations adequately allege ultra vires acts in the 2006/2007 budget, Multi-County does not assert those same acts continue to be improperly used to set the contract price for water currently provided to Multi-County. As *Heinrich* made clear, immunity for an ultra vires act is only a waiver with

regard to bringing future acts into compliance with the statute. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009). A suit brought under the ultra vires acts waiver of governmental immunity cannot be used to obtain monetary relief for past damages from such acts. *See id*. 374-376. Accordingly, the trial court did not err in granting the City officials' plea to the jurisdiction. Multi-County's second issue is overruled.

Because of our disposition of Multi-County's second issue, we need not reach Multi-County's third issue.

## CONCLUSION

Having overruled the issues properly before us and necessary to a disposition of this appeal, we affirm the trial court's order granting the City's and the City officials' plea to the jurisdiction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 22, 2012
[CV06]