# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00648-CV

**City of Georgetown, Texas, Appellant**

**v.**

**Lower Colorado River Authority, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-12-002982, HONORABLE TIM SULAK, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I would conclude that the Lower Colorado River Authority (LCRA) failed to allege a valid waiver of governmental immunity from suit by the City of Georgetown (the City), I respectfully dissent. *See McCandless v. Pasadena Indep. Sch. Dist.*, No. 03-09-00249-CV, 2010 WL 1253581, at *3 (Tex. App.—Austin Apr. 2, 2010, no pet.) (mem. op.) ("Plaintiff bears the burden to affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity, which may be either by reference to a statute or to express legislative permission." (citing *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999))).

The majority concludes that the "City has no immunity from this suit" based upon its conclusion that "the City was acting in a proprietary capacity when it entered into its contracts with the LCRA." This conclusion, however, ignores the well-established doctrine of governmental immunity that protects political subdivisions of the state, including cities, from suit. *See Ben Bolt*

*v. Texas Political Subdivisions*, 212 S.W.3d 320, 324 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 328 (Tex. 2006); *Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). "A political subdivision enjoys governmental immunity from suit to the extent that immunity has not been abrogated by the Legislature." *Ben Bolt*, 212 S.W.3d at 324 (citing *Texas Natural Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002)); *Multi–County Water Supply*, 321 S.W.3d at 907 ("Immunity from suit deprives the trial court of subject-matter jurisdiction and bars an action against the governmental unit in the absence of express, clear, and unambiguous consent to suit." (citing Tex. Gov't Code § 311.034; *Tooke*, 197 S.W.3d at 332–33)).

The majority's analysis of the proprietary-governmental dichotomy also glosses over LCRA's pleadings. In its pleadings, LCRA does not allege a breach of contract claim but seeks declaratory relief. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011 (UDJA); *see, e.g.*, *East Houston Estate Apartments, L.L.C. v. City of Houston*, 294 S.W.3d 723, 731 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting that courts of appeals have "applied the governmental-proprietary dichotomy to breach of contract cases"). The UDJA "does not enlarge a trial court's jurisdiction." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). Except for suits challenging statutes or ordinances, the UDJA does not waive governmental entities' immunity from suit. *See id.*; *IT-Davy*, 74 S.W.3d at 855–56; *Multi–County Water Supply*, 321 S.W.3d at 907 (noting that UDJA "is not a general waiver of governmental immunity" and that "[b]y entering into a contract, a governmental entity waives immunity from liability but does not waive immunity from suit"); *Lower Colorado River Auth. v. Riley*, No. 10-10-00092-CV, 2011 WL 6956136, at *2 (Tex. App.—Waco

Dec. 28, 2011, no pet.) (mem. op.) (UDJA "not general waiver of sovereign immunity"). Thus, LCRA's UDJA claims do not satisfy its burden to allege a valid waiver of immunity from suit. *See, e.g.*, *IT-Davy*, 74 S.W.3d at 855–56, 860 (stating that immunity generally protects a governmental entity from declaratory-judgment suits that seek to establish a contract's validity or enforce performance under the contract "because such suits attempt to control state action").

LCRA's pleadings also fail to establish that section 271.152 of the Local Government Code applies to waive the City's immunity from suit: the LCRA expressly states it is not bringing a breach of contract claim for money damages.[1] *See* Tex. Loc. Gov't Code §§ 271.151–.160 (waiving immunity of local governmental entities for breach of contract claims that seek to recover balance owed under a contract for goods or services and limiting recoverable damages); *McCandless*, 2010 WL 1253581, at *3 (concluding "without a properly pleaded breach-of-contract action, section 271.152 does not waive governmental immunity"); *cf. Ben Bolt*, 212 S.W.3d at 323, 328 (concluding that limited statutory waiver in section 271.151 applied to insurance coverage dispute in "declaratory judgment action seeking a determination that the loss was a covered occurrence under the insurance agreement's terms"); *City of San Antonio v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 599–600 (Tex. App.—San Antonio 2012, pet. filed) (plaintiff seeking money damages under a breach of contract claim or, alternatively, a quantum meruit claim). LCRA does

---

[1] In its pleadings, LCRA states: "it merely seeks to construe LCRA's obligations under a state statute and a contract and does not otherwise attempt to control Defendants or establish their liability for money damages. . . . LCRA does not seek to validate the contract, impose liability on Defendants, or enforce their performance. . . . LCRA's declaratory-action does not seek to establish that the City owes LCRA money or that the City previously breached its contractual obligations."

not seek to recover the balance owed under a contract. *See* Tex. Loc. Gov't Code § 271.153 (listing recoverable damages).

Although a governmental entity waives its immunity from liability by entering into contracts, it was LCRA's burden to allege a valid waiver of immunity from suit. *See Ben Bolt*, 212 S.W.3d at 324 ("By entering into a contract, the State waives its immunity from liability but not its immunity from suit."); *Jones*, 8 S.W.3d at 637 (plaintiff's burden to allege valid waiver of immunity).  I would conclude that LCRA failed to do so.[2]

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   August 23, 2013

_____

[2] I also cannot join the majority's analysis of section 271.152 of the Local Government Code, the section expressly waiving immunity from suit for certain contract claims.  *See* Tex. Loc. Gov't Code § 271.152.  Section 271.151(2) defines a "contract subject to this subchapter" to mean "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2).  Contracts properly executed by a local governmental entity, such as a city, whether in its governmental or proprietary capacity, fall within the plain language of a "contract subject to this subchapter." *See id*.

4