**REVERSE and RENDER in part; AFFIRM in part; and Opinion Filed April 20, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00761-CV

**SARAH CURTIS, IN HER CAPACITY AS CHIEF APPRAISER OF THE KAUFMAN COUNTY APPRAISAL DISTRICT, Appellant**
**V.**
**RICK WILSON, INDIVIDUALLY AND AS CLASS REPRESENTATIVE OF PROPERTY OWNERS IN KAUFMAN COUNTY, TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 102319-CC2**

## MEMORANDUM OPINION
Before Justices Whitehill, Schenck, and Evans
Opinion by Justice Evans

Appellant Sarah Curtis, in her capacity as Chief Appraiser of the Kaufman County Appraisal District, appeals the trial court's denial of her plea to the jurisdiction. In two issues, the Chief Appraiser asserts that the trial court lacked subject-matter jurisdiction over appellee Rick Wilson's lawsuit because he (1) did not exhaust his administrative remedies and (2) failed to assert any facts that establish a waiver of immunity. We affirm in part and reverse and render in part.

# BACKGROUND

In April 2019, the Kaufman County Appraisal District sent out notices of appraised values for properties in Kaufman County, including the property owned by Wilson. Wilson, both as an individual and as the class representative of a putative class of Kaufman County property owners, filed a lawsuit against the Chief Appraiser alleging "[Kaufman County] properties increased in total value by over $2 billion from 2018–representing an almost 20% increase." Wilson further alleged that the District failed to comply with the tax code because it "did not fulfill its mandatory obligation to base its appraisal upon the individual characteristics that affect the property's market value, and take into account all available evidence that is specific to the value of the property in determining the property's market value." In his petition, Wilson sought declaratory relief that the Chief Appraiser's valuation of the properties violated the Texas statutory requirements in determining the 2019 market values as well as the constitutional mandate for equal and uniform taxation. Wilson also sought as injunctive relief the setting aside the District's 2019 property valuations and requiring the Chief Appraiser to conduct a reappraisal of all the properties in the county in a manner that complies with those constitutional and statutory mandates. The Chief Appraiser filed an answer and asserted a plea to the

jurisdiction.[1] The trial court held a hearing and denied the plea to the jurisdiction. The Chief Appraiser then timely filed this interlocutory appeal.

## STANDARD OF REVIEW

Subject–matter jurisdiction is essential to "a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A court acting without such power commits fundamental error that we may review for the first time on appeal. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). We review the denial of a plea to the jurisdiction de novo. *MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 624 (Tex. App.— Austin 2005, pet. denied).

## ANALYSIS

In her first issue, the Chief Appraiser asserts that the trial court lacked subject–matter jurisdiction over Wilson's lawsuit because he did not exhaust his administrative remedies.[2] We agree in part.

---

[1] In her plea to the jurisdiction, the Chief Appraiser only raised immunity to suit and did not assert failure to exhaust administrative remedies.

[2] Wilson notes that this issue was not a basis for appellant's plea to the jurisdiction in the trial court. This issue, however, was raised during the hearing on the plea to the jurisdiction and the trial court's order stated that it considered the plea to the jurisdiction, the response, "the pleadings of the parties in this case, the briefs and *arguments of the parties, and applicable constitutional, statutory, and case authorities . . . .*" (emphasis added). *See B.C. v. Steak N Shake Operations, Inc.*, No. 17-1008, 2020 WL 1482586, at *4 (Tex. March 27, 2020). In addition, subject-matter jurisdiction is an issue that may be raised for the first time on appeal and it may not be waived by the parties. *See Texas Air Control Bd.*, 852 S.W.2d at 445.

–3–

The Texas Constitution provides district courts with original jurisdiction of all actions except where the Texas Legislature bestows original jurisdiction on other courts or administrative bodies:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

*See* TEX. CONST. art. V, § 8. As relevant to this case, the Texas Legislature created both the statutory county court in which this suit was filed and the county-based appraisal districts which are responsible for "appraising property in the district for ad valorem tax purposes." *See* TEX. GOVT. CODE § 25.1311(2) (creation of County Court at Law No. 2 of Kaufman County); TEX. TAX CODE § 6.01. An "ad valorem tax" is a tax on property at a certain rate based on the property's value. *See City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 613 (Tex. App.—Austin 2016, no pet.).

The tax code also establishes a detailed set of administrative procedures that property owners must abide by to contest the imposition of property taxes. *See* TEX. TAX CODE §§ 41.01–43.04. For example, the administrative review process is initiated by the taxpayer's "protest" to an "appraisal review board." In his protest, the taxpayer is entitled to challenge several specific aspects of his assessment, as well as any other action "that applies to and adversely affects the property owner"

–4–

in connection with the ad valorem tax on his property. *Id.*§ 41.41(a)(9). The protest is determined by the board in a hearing attended by a full range of procedural safeguards, many of which are equivalent to those in a judicial proceeding. *Id.* at §§ 41.44–.69. The appraisal review board is specifically empowered to revise an incorrect appraisal. *Id.* at § 41.47. The judicial review process authorized by the tax code contemplates that the taxpayer may sue in the district court to challenge the determination made by the appraisal review board. *Id.* at § 42.01.

Under the tax code, however, a taxpayer must exhaust the remedies provided by these administrative procedures in order to raise most grounds of protest in defense of a suit to collect taxes or as a basis for a claim for relief. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). Section 42.09(a) of the Texas Tax Code specifically provides:

> (a) Except as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:
>
> > (1) in defense to a suit to enforce collection of delinquent taxes; or
> >
> > (2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

*Id.* at § 42.09(a). The Supreme Court has repeatedly held that a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes. *See Cameron Appraisal Dist.*, 194

S.W.3d at 502; *see also Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.,* 165 S.W.3d 329, 331 (Tex. 2005); *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.,* 826 S.W.2d 124, 125 (Tex. 1992) (per curiam); *Webb Cty. Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 954–55 (Tex. 1990).

In this case, Wilson sought declaratory and injunctive relief from the trial court. In Wilson's request for declaratory relief, he requested the following:

> Plaintiffs seek a declaration that the Chief Appraiser's valuation of their properties violated the Texas constitutional mandate for equal and uniform taxation and statutory requirements in determining 2019 market values.

In regard to this claim, Wilson seeks nothing more than a declaration from the court that the valuation method violated the constitutional requirement of equal and uniform taxation. The Supreme Court has previously held that such a claim need not be brought administratively. *See Cameron Appraisal Dist.*, 194 S.W.3d at 502 ("The taxpayers here are seeking more than a declaration that taxing trailers is unconstitutional—they are seeking to have their individual assessments set aside. While the former claim need not be brought administratively, the latter must."). As such, without the requirement to exhaust administrative remedies, the trial court has jurisdiction over Wilson's declaratory relief claim. Accordingly, we affirm the trial court's denial of the plea to the jurisdiction regarding Wilson's claim for declaratory relief.

Wilson also sought the following injunctive relief in his petition:

> If the Court finds that the Chief Appraiser contravened Texas constitutional and statutory mandates in determining the 2019 property valuations, then Plaintiffs request, pursuant to Chapter 65 of the Texas Civil Practice and Remedies Code, the Court issue an order setting aside the District's 2019 property valuations and requiring the Chief Appraiser to conduct a reappraisal that complies with those constitutional and statutory mandates.

Wilson argues that this claim is outside the scope of Chapters 41 and 42 of the tax code because he is not asking the trial court to review any determination of the appraisal review board or determine the market value of any property. Instead, Wilson asserts that he is only asking the trial court, *if* it finds that the Chief Appraiser contravened Texas constitutional and statutory requirements in her appraisal methods, to order the Chief Appraiser to conduct new appraisals. Wilson, however, cites no case law in support of his assertion that the district court has jurisdiction to hear his request for injunctive relief. To the contrary, our sister courts have held that trial courts do not have jurisdiction to entertain requests for injunctive relief in tax disputes, including those based on alleged constitutional violations, because the tax code provisions provide the exclusive remedy in the appraisal review proceeding. *See Texas Architectural Aggregate, Inc. v. Adams*, 690 S.W.2d 640, 642 (Tex. App.—Austin 1985, no writ) (holding that legislature intended to supplant common–law causes of action and equitable remedies with provisions in property tax code for administrative and judicial review of assessments made by taxing authorities); *Brazoria Cty. Appraisal Dist. v. Notleft, Inc.*, 721 S.W.2d 391, 393 (Tex. App.—Corpus Christi–Edinburg 1986, no writ) ("In the Tax Code, the

legislature has provided a comprehensive plan for appeal of taxing authorities' decisions, and has required property owners to follow that plan. Injunctive relief to prevent that scheme from being implemented conflicts with the Tax Code as a whole and section 42.09 in particular."); *Schneider v. Williamson Cent. Appraisal Dist.*, No. 03-16-00781-CV, 2017 WL 2417836, at *1 (Tex. App.—Austin May 31, 2017, pet. denied) (Based on the tax code's "systematic scheme of administrative review," trial court properly granted plea to the jurisdiction on appellant's injunctive relief claim for alleged unconstitutional appraisal methods). In accordance with this line of cases, we reverse the trial court's denial of the Chief Appraiser's plea to the jurisdiction with regard to Wilson's claim for injunctive relief.

## B.     Governmental Immunity

In her second issue, the Chief Appraiser asserts that Wilson's claims against her are barred by (1) governmental immunity and (2) failure to allege an *ultra vires* act which could defeat the Chief Appraiser's immunity. As we have already concluded that Wilson's request for injunctive relief is barred by the requirements of the tax code, we only address Wilson's request for declaratory relief.

In Wilson's petition, he alleged that the Chief Appraiser's actions violated the Texas constitutional and statutory mandates to value properties as follows:

> Section 23.01(b) of the Tax Code requires "each property shall be appraised based upon the individual characteristics that affect the property's market value, and all available evidence that is specific to the value of the property shall be taken into account in determining the property's market value." According to the District, there are

approximately 77,000 parcels in Kaufman County, Texas. The District employs six appraisers. Plaintiffs contend that the District did not fulfill its mandatory obligation to base its appraisal upon the individual characteristics that affect the property's market value, and take into account all available evidence that is specific to the value of the property in determining the property's market value.

Section 23.01(b) of the Tax Code requires that the "same or similar appraisal methods and techniques shall be used in appraising the same or similar kinds of property." The District's 2019 appraisal records are replete with disparate valuations of similarly situated and comparable properties, which valuations could not have been derived by using similar appraisal methods and techniques. According to the Chief Appraiser, a Computer program was utilized in determining property values. The Chief Appraiser and Deputy Chief Appraiser have admitted that the program has produced thousands of erroneous valuations. As a matter of law, property tax on valuations that are greater than market value cannot be equal and uniform.

Thus, Wilson alleges the trial court should declare the appraisal method utilized a computer program that incorrectly valued every property by failing to comply with the constitutional and statutory mandates. Wilson did not seek a declaratory judgment as to the individual appraised value of each property in Kaufman County.

A declaratory judgment action may be brought by private parties seeking declaratory relief against state officials who allegedly act without legal or statutory authority. *See Brennan v. City of Willow Park*, 376 S.W.3d 910, 922 (Tex. App.—Fort Worth 2012, pet. denied) (citing *Nat. Res. Conservation Ctr. v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002)); *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 161 (Tex. 2016) ("As already noted, while governmental immunity provides broad protection to the state and its officers, it does not bar a suit against a

government officer for acting outside his authority—*i.e.,* an *ultra vires* suit."). As stated above, Wilson seeks a declaratory judgment that the Chief Appraiser failed to appraise the properties on an equal and uniform basis because the properties were not appraised based on their individual characteristics as required by the tax code. Thus, Wilson asserts that the Chief Appraiser failed to act in accordance with statutory authority in making these appraisals. The Supreme Court has held that these types of suits are not suits against the State because "suits to compel state officers to act within their official capacity do not attempt to subject the State to liability." *See IT-Davy*, 74 S.W.3d at 855. Thus, the Supreme Court concluded "certain declaratory–judgment actions against state officials do not implicate the sovereign-immunity doctrine." *Id.* Accordingly, Wilson's claim for declaratory relief is not barred by governmental immunity.[3]

## CONCLUSION

The trial court lacked jurisdiction over Wilson's claim for injunctive relief and should have dismissed the claim. We reverse and render as to that portion of the trial court's judgment.

---

[3] Under the doctrine of sovereign immunity, a unit of state government is immune from suit and liability unless the State consents to waive its immunity. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens,* 330 S.W.3d 335, 338 (Tex. App.—San Antonio 2010, no pet.). Governmental immunity applies to local entities such as the district and city, and encompasses both immunity from suit and immunity from liability. *Multi-County Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

We affirm the portion of the judgment retaining jurisdiction over the claim for declaratory relief.

/David Evans/
DAVID EVANS
JUSTICE

190761F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

SARAH CURTIS, IN HER CAPACITY AS CHIEF APPRAISER OF THE KAUFMAN COUNTY APPRAISAL DISTRICT, Appellant

No. 05-19-00761-CV     V.

RICK WILSON, INDIVIDUALLY AND AS CLASS REPRESENTATIVE OF PROPERTY OWNERS IN KAUFMAN COUNTY, TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Kaufman County, Texas Trial Court Cause No. 102319-CC2. Opinion delivered by Justice Evans. Justices Whitehill and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED AND RENDERED** in part. We **REVERSE** that portion of the trial court's judgment which denied the plea to the jurisdiction in regard to appellee Rick Wilson's claim for injunctive relief and **RENDER** judgment in favor of appellant on that claim. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered April 20, 2020.

–12–